DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KIRSTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Leanne.Hartmann@doj.oregon.gov
        Brian.S.Marshall@doj.oregon.gov
        kirsten.m.naito@doj.oregon.gov
        sara.delrubin@doj.oregon.gov
        derek.olson@doj.oregon.gov

Attorneys for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al.,<br><br>　　　　Defendants. | Case No.  6:25-cv-02186-MTK<br><br>DECLARATION OF ABBY MCCLELLAND |

# DECLARATION OF ABBY MCCLELLAND

I, Abby McClelland, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a resident of the State of Colorado and I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

## Personal Background and Qualifications

2. I am the director of the Food and Energy Assistance Division within the Colorado Department of Human Services (CDHS or Agency), which includes the Supplemental Nutrition Assistance Program (SNAP). I have held this position since June 2024. Prior to this role, I was responsible for data analysis on various federal and state benefit programs, including SNAP, for CDHS and for the Boulder County Department of Human Services. I also worked extensively with the SNAP program in my seven years of experience as an administrative benefits attorney for Neighborhood Legal Services in Los Angeles, California.

3. I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

## SNAP in Colorado

4. CDHS supports people and families by connecting them with assistance, resources, and support at every stage of their lives. The Agency serves Coloradans through bold and innovative health and human services. And together, CDHS empowers Coloradans to thrive. The Office of Economic Security, which includes the Food and Energy Assistance Division, provides benefits assistance, including SNAP, to ensure Coloradans have what they need to live a stable life. These benefits programs help Colorado families consistently put food on the table, heat their homes, find livable-wage work, and afford basic necessities.

5. SNAP is a key part of Colorado's efforts to address hunger by supplementing the food budget of low-income families so they can purchase healthy food. In 2024, an average of 594,526 people received SNAP benefits in Colorado each month, including over 300,000 children and about 114,000 elderly individuals. More than $1.4 billion in SNAP benefits were issued during 2024 in Colorado. Households in Colorado receive on average around $363 per month in SNAP benefits to meet their basic subsistence and nutritional needs. During the federal fiscal year between October 1, 2024 and September 30, 2025, CDHS issued approximately $120,583,598 per month in SNAP benefits in Colorado.

6. Colorado's SNAP program is county implemented and state supervised and administered. CDHS administers the SNAP program in Colorado pursuant to § 26-2-301(1), C.R.S. Pursuant to federal law, CDHS administers SNAP on behalf of the United States Department of Agriculture (USDA) and is responsible for the issuance, control, and accountability of SNAP benefits and Electronic Benefit Transaction (EBT) cards; ensuring program integrity; and supervising local transitional assistance offices' day-to-day administration of SNAP, including processing applications for SNAP benefits and certifying eligible applicant households. 7 U.S.C. § 2020(a)(1); 7 C.F.R. § 271.4; 7 C.F.R. § 274.2. USDA funds the entirety of SNAP benefits in Colorado, though Colorado and the federal government split administrative costs. 7 U.S.C. § 2025(a).

7. Consistent with federal law, CDHS administers SNAP benefits to non-citizens who are eligible for SNAP by statute.

### Public Law 119-21 (the One Big Beautiful Bill Act of 2025)

8. On July 4, 2025, President Donald J. Trump signed into law Public Law 119-21, the One Big Beautiful Bill Act of 2025 (OBBB).

2

9. Section 10108 of the OBBB, titled "Alien SNAP Eligibility," made changes to the eligibility of certain categories of non-citizens for SNAP benefits, amending section 6(f) of the Food and Nutrition Act of 2008, 7 U.S.C. 2015(f).

### USDA's October 31, 2025 SNAP Guidance

10. On October 31, 2025, the USDA issued guidance ("the Guidance"), which purports to explain the changes to non-citizens' eligibility for SNAP benefits required by Section 10108 of Public Law 119-21.

11. I and others at CDHS have reviewed the Guidance and 7 U.S.C. 2015(f), as amended by the OBBB. CDHS's understanding is that the Guidance is inconsistent with other laws and regulations regarding SNAP eligibility that were not changed by the OBBB.

12. On October 31, 2025, USDA sent CDHS the Guidance via email.

13. At multiple times since September 2025, USDA Food and Nutrition Service (FNS) provided guidance to CDHS about the implementation date and hold harmless period associated with the substantive provisions of OBBB. On September 4, 2025, FNS released guidance indicating that Colorado needed to implement eligibility changes immediately. Colorado met with the FNS Mountain Plains Regional Office (MPRO) on September 30, 2025, at which point FNS clarified that states would be penalized for all errors beginning July 4, 2025 until the date of implementation. FNS reiterated that interpretation in further written guidance, including guidance issued on October 3, October 31, and as recently as November 14, 2025.

### Implementation of the OBBB and the Guidance by CDHS

14. During the SNAP application process in Colorado, individuals are asked to provide their citizenship or immigration status and provide documentation that supports their status. This documentation can include the non-citizen's name, date of birth, passport or visa number, or alien number. County eligibility staff then use the provided immigration documentation and

input the information into the Systematic Alien Verification of Entitlements (SAVE) system. SAVE is the U.S. Citizenship and Immigration Service (USCIS) system used to validate immigration status. The use of SAVE in the determination of SNAP eligibility is required per 7 CFR 272.11.

15. During the eligibility determination process, the eligibility worker enters the SAVE provided statuses/codes into the Colorado Benefits Management System (CBMS). CBMS then applies programmed logic to determine if a specific status makes an individual eligible for SNAP.

16. Eligibility workers are already required to check the immigration status of all initial applicants and current participants at the point of their SNAP application and renewal. This practice was not changed with OBBB. CBMS will need to be modified to ensure the various immigration statuses are updated to correctly identify a status as eligible or ineligible for SNAP.

17. In July 2025, following the passage of the OBBB, CDHS began to plan for the implementation of the OBBB's changes to non-citizen eligibility for SNAP. This involved reviewing current immigrant eligibility processes and procedures, conferring with the computer system administration vendor concerning the likelihood of necessary technological changes to implement the updated policy, and communications with 64 county SNAP administration offices, as well as community groups, about potential impacts. CDHS deferred implementation pending official guidance, as the new OBBB program changes presented minimal information and interpretive ambiguities that required clarification before deployment of any necessary state policy changes and before software and programmatic implementation were possible.

18. The state did provide notice of implementation concerning the substantive provisions of OBBB in accordance with the requirement of 7 CFR §275.12(d)(2)(vii)(E) through its statewide written correspondence to all administering counties on October 1, 2025.

19. Currently, CDHS is moving forward with implementation of the immigration eligibility provisions of OBBB based on the guidance USDA has issued to date. However, outstanding questions and uncertainty remain and CDHS has strong concerns that further technical fixes, training, and guidance for counties will be necessary in the near future to accommodate currently unknown and unarticulated specifics. These prospective future fixes will require significant financial cost to the State, requiring continued updates to our computer system, staff resources to develop and refine updated guidance, and training and guidance distribution to the administering counties.

### Impact of the Guidance on Colorado and CDHS

20. The Guidance has caused significant confusion and administrative difficulties for CDHS, disrupting CDHS' efforts to implement the OBBB's changes to non-citizen SNAP eligibility. In order to comply with the guidance on the Bill's effective date and the expiration of the hold harmless period, CDHS is blindly moving forward with implementation of this substantive provision despite ongoing uncertainty.

21. As described above, CDHS has already invested significant time and resources into planning the changes to non-citizen SNAP eligibility made by the OBBB. The Guidance will increase the costs required to implement the changes required by OBBB. Specifically:

   a) Another computer build to program Colorado's benefits management system will be required. This will result in incurred costs to the vendor who administers the system as well as staffing costs to support development and testing of the build prior to implementation.

   b) Additional training costs will need to be expended - both those associated with the implementation of another computer system build and those to train counties and eligibility workers on the new guidance. Additionally, these changes will require staff

       time to develop and deliver the training, and to answer the inevitable follow-on questions from counties on the new procedures.

    c) CDHS will be required to pursue a state rulemaking process to amend state regulations to align with federal guidance. Because of the rapid, yet hazy, compliance timeline, CDHS must file an emergency rule as quickly as possible to bring state regulations in line with federal guidance. Subsequent changes or clarification to USDA guidance will require a secondary rulemaking process, which requires significant staff time from CDHS and the State Board of Human Services. Likewise, CDHS is not permitted to issue a rule or amend an existing rule before first submitting the rule to the Colorado attorney general for an opinion on its constitutionality and legality.

    d) CDHS and counties will receive, and need to respond to, increased inquiries from SNAP program participants seeking information and clarity around eligibility.

    e) There is a likelihood of increased administrative hearings from program participants who question and seek to appeal new eligibility determinations. This will especially be true for determinations that occur during the period of delay between implementation and completion of CDHS's rulemaking process, where inconsistencies will exist between state regulations and federal guidance.

22. The Guidance elevates the risk that Colorado will face massive financial penalties due to inadvertent noncompliance with OBBB and/or the Guidance. Section 10105 of the OBBB created a new set of penalties for States tied to their payment error rates. The Guidance stated that the "exclusionary period"—that is, the period of time during which errors do not count towards a state's error rate—ended on November 1, 2025, the day after the Guidance was issued. Historically and logically, there are and will be more errors as agencies figure out how to

implement new guidance. Thus, USDA may attempt to count any so-called "errors" stemming from the Guidance as part of Colorado's error rate, increasing the risk that Colorado may have to pay financially ruinous penalties. And the USDA claims the authority to count those errors starting November 1, 2025, leaving only a one-day period for compliance, further increasing the likelihood of these penalties.

23. CDHS' understanding of the Guidance is that it appears to exclude certain categories of non-citizens from SNAP in contradiction to those who appear to be eligible under the OBBB and other eligibility requirements that were unchanged by the OBBB. Under the Guidance, certain non-citizens within Colorado will be improperly excluded from SNAP. This will harm Colorado and CDHS.

24. The lack of clarity regarding non-citizen eligibility caused by the Guidance will significantly erode trust between Colorado and its residents. To properly effectuate its safety net programs, CDHS has devoted years of work to overcome stigma, misinformation, and other barriers to access, particularly among immigrant communities. If households experience uncertainty in receiving crucial benefits, they are likely to feel that CDHS has failed them or even engaged in wrongdoing. SNAP benefits directly fund one of the most crucial basic human needs: access to food. Failure to deliver on that basic need as promised is a deep violation of residents' trust.

25. Furthermore, loss of trust among Colorado residents will likely lead to a chilling effect among various immigrant communities, leading to decreased SNAP enrollments, which in turn will cause irreparable long-term harm and costs to the State in the form of increased healthcare and safety net costs, and expending of resources to rebuild trust in the public agency.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed in Bender, CO on Nov. 23, 2025.

*[signature]*

Abby McClelland
Director, Food & Energy Assistance Division

8

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I served the foregoing upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Susanne Luse<br>Assistant United States Attorneys<br>U.S. Attorney's Office for the District of Oregon<br>1000 SW Third Ave. Suite 600<br>Portland, OR 97204 | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-SERVE<br>_X_ E-MAIL<br>susanne.luse@usdoj.gov |

 *s/ Leanne Hartmann*
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KRISTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Leanne.Hartmann@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
kirsten.m.naito@doj.oregon.gov
sara.delrubin@doj.oregon.gov
derek.olson@doj.oregon.gov

*Counsel for the State of Oregon*

Page 1 -   CERTIFICATE OF SERVICE
          LH5/om1/1002822308

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000