DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KIRSTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Leanne.Hartmann@doj.oregon.gov
        Brian.S.Marshall@doj.oregon.gov
        kirsten.m.naito@doj.oregon.gov
        sara.delrubin@doj.oregon.gov
        derek.olson@doj.oregon.gov

Attorneys for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al.,<br><br>　　　　Defendants. | Case No.　6:25-cv-02186-MTK<br><br>DECLARATION OF THOMAS S. HALL |

# DECLARATION OF THOMAS S. HALL

I, Thomas S. Hall, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a resident of the State of Delaware and I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

## Personal Background and Professional Qualifications

2. I am the Director of the Delaware Division of Social Services.

3. I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

4. The Division of Social Services (DSS) within the Delaware Department of Health and Social Services (DHSS), administers many of Delaware's safety net programs, ranging from eligibility services for Delaware's Medicaid program, running Delaware's Temporary Assistance for Needy Families (TANF) program, and providing emergency housing and child care that enables caretakers to hold jobs, obtain training, or meet a child's special needs.

5. I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

## SNAP in Delaware

6. SNAP is one of the programs administered by DHSS and DSS and involves the issuance of monthly electronic benefits that can be used to purchase food at authorized retail stores.

7. SNAP is a key part of Delaware's efforts to address hunger by supplementing the food budget of low-income families so they can purchase healthy food. Thus far in 2025, an average of 119,000 people received SNAP benefits in Delaware each month, including approximately 60,000 families and 46,000 children. Households in Delaware receive on average

$355 per month in SNAP benefits to meet their basic subsistence and nutritional needs. During the federal fiscal year between October 1, 2024 and September 30, 2025, DHSS/DSS issued approximately $21.6 million per month in SNAP benefits in Delaware.

8. DHSS, through DSS, administers the SNAP program in Delaware pursuant to Del. Code tit. 31, ch. 6. Pursuant to federal law, DHSS administers SNAP on behalf of the United States Department of Agriculture (USDA) and is responsible for the issuance, control, and accountability of SNAP benefits and Electronic Benefit Transaction (EBT) cards; ensuring program integrity; and supervising local transitional assistance offices' day-to-day administration of SNAP, including processing applications for SNAP benefits and certifying eligible applicant households. 7 U.S.C. § 2020(a)(1); 7 C.F.R. § 271.4; 7 C.F.R. § 274.2. USDA funds the entirety of SNAP benefits in Delaware, though Delaware and the federal government split administrative costs. 7 U.S.C. § 2025(a).

9. Consistent with federal law, DHSS administers SNAP benefits to non-citizens who are eligible for SNAP by statute.

**Public Law 119-21 (the One Big Beautiful Bill Act of 2025)**

10. On July 4, 2025, President Donald J. Trump signed into law Public Law 119-21, the One Big Beautiful Bill Act of 2025 (OBBB).

11. Section 10108 of the OBBB, titled "Alien SNAP Eligibility," made changes to the eligibility of certain categories of non-citizens for SNAP benefits, amending section 6(f) of the Food and Nutrition Act of 2008, 7 U.S.C. 2015(f).

**USDA's October 31, 2025 SNAP Guidance**

12. On October 31, 2025, USDA issued guidance ("the Guidance"), which purports to explain the changes to non-citizens' eligibility for SNAP benefits required by Section 10108 of Public Law 119-21.

13. I and others at DHSS have reviewed the Guidance and 7 U.S.C. 2015(f), as amended by the OBBB. DHSS's understanding is that the Guidance is inconsistent with other laws and regulations regarding SNAP eligibility that we understand to be unchanged by the OBBB.

14. On September 4, 2025, the USDA sent DHSS a memorandum via email. The subject of the communication was given as Supplemental Nutrition Assistance Program Provisions of the One Big Beautiful Bill Act of 2025 – Information Memorandum. In that memorandum, USDA noted the OBBB "makes changes to non-citizen eligibility for SNAP. Further guidance is forthcoming." In the third paragraph of the memorandum, it was noted that "detailed guidance on implementation of these provisions is generally forthcoming by September 30 unless specified otherwise".

15. No further guidance was received until October 31, 2025, when USDA issued the Guidance, which purports to explain the changes to non-citizens' eligibility for SNAP benefits required by Section 10108 of Public Law 119-21.

16. Delaware received no other guidance or direction from the USDA regarding implementation of alien SNAP eligibility requirements made by the OBBB.

**Implementation of the OBBB and the Guidance by DHSS**

17. In accordance with 7 CFR 273.2(f)(10), DHSS verifies a non-citizen's immigration status by collecting information on the SNAP application and during the eligibility interview, obtaining and reviewing the individual's immigration documentation, and submitting the relevant information to U.S. Citizenship and Immigration Services (USCIS) through the Systematic Alien Verification for Entitlements (SAVE) system. The State relies on the SAVE response to confirm the individual's immigration status to determine eligibility for SNAP benefits.

18. Citizenship and Alien Status information is captured in the client facing online Self-Service Portal, or Worker Web, the State's worker portal to the ASSIT eligibility system. The State captures the individual's alien status by capturing the information provided by clients and then verifying it using the Federal Hub/SAVE verification as per 7 CFR § 273.2(f)(10) *Mandatory use of SAVE* or documentation provided by the clients. Based on the individuals' alien status and its verification, eligibility is determined. Verification documents returned by the clients are also stored within a secured document repository. Information available in the system is then used to evaluate SNAP eligibility for clients.

19. To comply with the eligibility changes required by the OBBB, DHSS must modify both its operational practices and its automated eligibility system for all current SNAP participants and new applicants. Non-citizen eligibility policies, procedures, training materials, and program documents must be revised to reflect the updated SNAP eligibility rules, and all SNAP eligibility staff must be retrained on these changes. Additionally, the State's SNAP eligibility system must be reprogrammed to apply the new qualifying non-citizen categories immediately for all new applicants and at recertification for existing SNAP recipients, and to issue correct notices to affected households. The following eligibility system changes will be needed:

   A. Updates to eligibility rules to no longer consider any alien status outside of the following valid for SNAP eligibility: US Citizens/US Nationals, immigrants who have been lawfully admitted for permanent residence, immigrants who have been granted status of Cuban and Haitian entrant, individuals who are lawfully residing in the US in accordance with Compacts of Free Association between the U.S. and Micronesia, the Marshall Islands, and Palau.

B. Modifications to client correspondence to reflect the accurate denial/closure reasons if the individuals no longer meet the non-citizenship requirements for SNAP.

C. Revision to eligibility rules to implement these changes immediately for new applicants, at first recertification period of existing SNAP recipients, or if individuals are reporting a change to their alien status ahead of their recertification period.

D. Conduct outreach through Mass Mailers for potentially impacted individuals and train workers to understand the policy implications on SNAP eligibility.

20. In July 2025, following the passage of the OBBB, DHSS began to plan for the implementation of the OBBB's changes to non-citizen eligibility for SNAP. DHSS identified the changes needed to the State's eligibility system, policies and procedures, program materials, and staff training. Delaware began preparing for the necessary eligibility system changes in September 2025, following the preliminary OBBB guidance issued by USDA on September 4, 2025. However, final requirements and design decisions were placed on hold pending additional clarification from USDA. Delaware did not submit formal requests to the USDA for additional guidance during this period because the State had been informed that further guidance would be issued by September 30, 2025. In addition, Delaware's regional FNS contact advised that they had no information beyond what was included in the initial implementation memorandum.

21. The delayed issuance of federal guidance disrupted the Division's preparation for the OBBB's changes to non-citizen eligibility for SNAP by postponing the planning and implementation necessary to carry out the Act's eligibility changes.

22. Upon receipt of October 31, 2025 USDA guidance, DHSS was required to pick up from the previous work completed and begin making revisions based on the newest guidance and timetable, so that requirements could be reassessed and more precisely defined. As a result,

5

the State is unable to advance implementation until those requirements are finalized, leaving the agency in a state of operational uncertainty.

### Impact of the Guidance on Delaware and DHSS

23. The Guidance has caused significant confusion and administrative difficulties for DHSS, disrupting DHSS's efforts to implement the OBBB's changes to non-citizen SNAP eligibility. The lack of clarity and inconsistency with other laws and regulations regarding SNAP eligibility has resulted in delays in eligibility system design changes, the creation of staff training material, and the development of communications to Delaware residents and agencies impacted by the changes.

24. As described above, DHSS has already invested significant time and resources into planning/implementing the changes to non-citizen SNAP eligibility made by the OBBB. The Guidance will increase the costs required to implement the changes required by OBBB. Specifically:

   a) In the short-term DHSS will need to develop system workarounds and generate manual notices to implement the new rules. Work process changes that will increase workload, are prone to error, and will later have to be undone once the system is programed to support the new rules.

   b) DHSS will need to finalize system design changes, test, and install eligibility system re-programming.

   c) DHSS will be revising SNAP intake, renewal, and interim changes procedures.

   d) DHSS will re-training staff in the new rules and procedures.

   e) DHSS will re-reviewing applicants and current participants.

   f) DHSS anticipates more administrative hearings.

    g) DHSS anticipates more customer service inquiries.

    h) DHSS anticipates increased costs for communication to staff, clients, external customers (vendors, partners, etc.).

25. The Guidance elevates the risk that Delaware will face massive financial penalties due to inadvertent noncompliance with OBBB and/or the Guidance. Section 10105 of the OBBB created a new set of penalties for States tied to their payment error rates. The Guidance stated that the "exclusionary period"—that is, the period of time during which errors do not count towards a state's error rate—ended on November 1, 2025, the day after the guidance was issued. Historically, there are more errors as agencies figure out how to implement a new guidance. Thus, USDA may attempt to count any so-called "errors" stemming from the Guidance as part of Delaware's error rate, increasing the risk that Delaware may have to pay financially ruinous penalties. And USDA claims the authority to be able to count those errors starting November 1, 2025, leaving only a one-day period for compliance, further increasing the chance of these penalties. The state has not had adequate time to implement permanent system changes, complete staff training, and create new client notices in time frame given by the USDA. Given that state has not be given adequate and time and direction on how to implement the changes required by the OBBB, the state must develop and distribute system "workarounds" to make individuals eligible or ineligible based on written directions distributed to eligibility staff. Workarounds are a means for the staff to manually force the system to take an action the system does not support through current coding. Workarounds are very prone to error and due to their complexity can be incorrectly applied or understood. DHSS will also develop strategies to monitor workarounds to see when they are applied and determine if they were applied correctly. A significant risk to the State and SNAP families is that a SNAP household member(s) will be incorrectly added or subtracted from a case. Household size is a key determinant in SNAP

7

eligibility and benefit amount. Incorrect household size would result in an "active error" that would count toward and increase the State's error rate. The potential impact on families is that families could be determined ineligible, receiving benefits that are too little, or benefits that are too large. In either case the benefit calculation would be incorrect for the family and result in an error that would contribute to the state's error rate.

26. DHSS's understanding of the Guidance is that it appears to exclude certain categories of non-citizens from SNAP who appear to be eligible under the OBBB and other eligibility requirements that were unchanged by the OBBB. Under the Guidance, many non-citizens within Delaware will be excluded from SNAP. This will harm Delaware and DHSS.

27. The loss of SNAP benefits will result in greater need and requests for state-funded assistance programs including state funded food pantries and state supported meal and food distribution services.

28. The lack of clarity regarding non-citizen eligibility caused by the Guidance will significantly erode trust between Delaware and its residents. To properly effectuate its safety net programs, DHSS has devoted years of work to overcome stigma, misinformation, and other barriers to access, particularly among immigrant communities. If households experience uncertainty in receiving crucial benefits, they are likely to feel that DHSS has failed or engaged in wrongdoing. SNAP benefits directly fund one of the most crucial basic human needs: access to food. Failure to deliver on that basic need as promised is a deep violation of residents' trust.

29. Furthermore, loss of trust among Delaware residents will likely lead a chilling effect among various immigrant communities, leading to decreased SNAP enrollments, which in turn will cause irreparable long-term harm and costs to the State in the form of increased healthcare and safety net costs, and expending of resources to rebuild trust in the public agency.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed in Dover Delaware on November 24, 2025.

_____
Thomas S. Hall

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I served the foregoing upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Susanne Luse | ___ HAND DELIVERY |
| Assistant United States Attorneys | ___ MAIL DELIVERY |
| U.S. Attorney's Office for the District of Oregon | ___ OVERNIGHT MAIL |
| | ___ TELECOPY (FAX) |
| 1000 SW Third Ave. Suite 600 | ___ E-SERVE |
| Portland, OR 97204 | _X_ E-MAIL |
| | susanne.luse@usdoj.gov |

 *s/ Leanne Hartmann*
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KRISTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Leanne.Hartmann@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
kirsten.m.naito@doj.oregon.gov
sara.delrubin@doj.oregon.gov
derek.olson@doj.oregon.gov

*Counsel for the State of Oregon*

Page 1 -   CERTIFICATE OF SERVICE
         LH5/om1/1002822308

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000