DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KIRSTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Leanne.Hartmann@doj.oregon.gov
          Brian.S.Marshall@doj.oregon.gov
          kirsten.m.naito@doj.oregon.gov
          sara.delrubin@doj.oregon.gov
          derek.olson@doj.oregon.gov


Attorneys for the State of Oregon



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| STATE OF NEW YORK, et al., | Case No.   6:25-cv-02186-MTK |
| Plaintiffs, | |
| v. | DECLARATION OF SCOTT MORISHIGE |
| BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al., | |
| Defendants. | |

## DECLARATION OF SCOTT MORISHIGE

I, Scott Morishige, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a resident of the State of Hawai'i, and I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

### Personal Background and Qualifications

2.      I am currently the Division Administrator for the Benefit, Employment, and Support Services Division (BESSD) of the Hawai'i Department of Human Services (HI DHS).

3.      I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

4.      The mission of HI DHS is to encourage self-sufficiency and support the well-being of individuals, families, and communities in Hawai'i. HI DHS is comprised of four divisions, including BESSD, Med-QUEST Division (MQD), Social Services Division (SSD), and Division of Vocational Rehabilitation (DVR). HI DHS also includes four administratively attached agencies that include the Hawai'i Public Housing Authority, Office of Youth Services, Office of Wellness and Resiliency, and Statewide Office on Homelessness and Housing Solutions.

### SNAP in Hawai'i

5.      SNAP, one of the programs administered by HI DHS, involves the issuance of monthly electronic benefits that can be used to purchase food at authorized retail stores.

6.      SNAP is a key part of Hawai'i's efforts to address hunger by supplementing the food budget of low-income families so they can purchase healthy food. Thus far in 2025, an average of 161,400 people received SNAP benefits in Hawai'i each month, including approximately 27,910 families and 62,647 children. Households in Hawai'i receive on average

1

$735.77 per month in SNAP benefits to meet their basic subsistence and nutritional needs. During the federal fiscal year between October 1, 2024 and September 30, 2025, HI DHS issued approximately $57,695,553 per month in SNAP benefits in Hawai'i.

7.      HI DHS administers the SNAP program in Hawai'i pursuant to Hawai'i Revised Statutes § 346-14. Pursuant to federal law, HI DHS administers SNAP on behalf of the United States Department of Agriculture (USDA) and is responsible for the issuance, control, and accountability of SNAP benefits and Electronic Benefit Transaction (EBT) cards; ensuring program integrity; and supervising local transitional assistance offices' day-to-day administration of SNAP, including processing applications for SNAP benefits and certifying eligible applicant households. 7 U.S.C. § 2020(a)(1); 7 C.F.R. § 271.4; 7 C.F.R. § 274.2. USDA funds the entirety of SNAP benefits in Hawai'i, though Hawai'i and the federal government split administrative costs. 7 U.S.C. § 2025(a).

8.      Consistent with federal law, HI DHS administers SNAP benefits to non-citizens who are eligible for SNAP by statute.

**Public Law 119-21 (the One Big Beautiful Bill Act of 2025)**

9.      On July 4, 2025, President Donald J. Trump signed into law Public Law 119-21, the One Big Beautiful Bill Act of 2025 (OBBB).

10.     Section 10108 of the OBBB, titled "Alien SNAP Eligibility," made changes to the eligibility of certain categories of non-citizens for SNAP benefits, amending section 6(f) of the Food and Nutrition Act of 2008, 7 U.S.C. 2015(f).

**USDA's October 31, 2025 SNAP Guidance**

11.     On October 31, 2025, USDA issued guidance ("the Guidance"), which purports to explain the changes to non-citizens' eligibility for SNAP benefits required by Section 10108 of Public Law 119-21.

2

12.    I and others at HI DHS have reviewed the Guidance and 7 U.S.C. 2015(f), as amended by the OBBB. HI DHS's understanding is that the Guidance is inconsistent with other laws and regulations regarding SNAP eligibility that we understand to be unchanged by the OBBB.

13.    On October 31, 2025, USDA sent HI DHS the Guidance via e-mail received at 4:50 a.m. Hawaii Standard Time.

14.    On October 31, 2025 at 5:06 p.m. Hawaii Standard Time, HI DHS e-mailed USDA FNS Western Region Office Regional Administrator Muzafar Makhdoomi to clarify inconsistencies in the Guidance regarding certain populations that were listed in one section as Legal Permanent Residents eligible after a five year waiting period and in another section of the Guidance as Eligible Immediately. HI DHS has not received a response from USDA regarding its request for clarification.

**Implementation of the OBBB and the Guidance by HI DHS**

15.    HI DHS reviews information provided on the SNAP application and verifies this information during the interview process to ascertain non-citizens' immigration statuses for the purpose of verification of eligibility. This review and interview process includes collecting and reviewing identification documents, collecting and verifying social security numbers (SSNs) for all household members applying for SNAP, collecting immigration documents intended to show qualifying status, querying the Department of Homeland Security Systematic Alien Verification for Entitlements (SAVE) system for all non-citizen applicants and completing all additional verification steps prompted by SAVE.

16.    HI DHS eligibility systems use specific codes and sub-codes to identify a SNAP participant's non-citizen status. HI DHS issues guidance to eligibility staff on the proper codes

3

and sub-codes to use based on immigration status. The codes and sub-codes are entered manually and are reviewed and updated at recertification.

17.     HI DHS will need to issue guidance to its eligibility staff to ensure proper identification and coding of a non-citizen participant's immigration status. Additionally, internal training materials and tools used for documentation will need to be modified to reflect the changes in policy and to ensure proper implementation of changes by HI DHS eligibility staff.

18.     HI DHS is also in the process of transitioning from its legacy Hawaii Automated Welfare Information (HAWI) eligibility system to a new Benefits Eligibility Solution (BES) eligibility system. The recent changes to non-citizen eligibility resulting from the OBBB and the confusing October 31, 20205 Guidance will require changes to the design of the new BES system, will extend the time needed for development to implement the new policy changes, and will push back the targeted implementation date for the new system from October 2026 to early 2027.

19.     In October 2025, following the passage of the OBBB, HI DHS began to take steps to implement the OBBB's changes to non-citizen eligibility for SNAP. HI DHS created and issued a revised desk aid on October 21, 2025 for staff with specific directives on how to code for non-citizen eligibility for SNAP in the HAWI eligibility system pending issuance of more complete policy clarification from its policy office and training from its Staff Development Office. HI DHS has begun to draft but has been unable to finalize policy clarification guidance and training materials due to a lack of clarity regarding the October 31, 2025 Guidance.

20.     Additionally, HI DHS drafted a Change Request related to its new BES eligibility system in October 2025 to request changes related to the new OBBB requirements. However, HI DHS has been unable to finalize the Change Request and complete development of changes

related to non-citizen SNAP eligibility due to a lack of clarity regarding the October 31, 2025 guidance. The OBBB requirements were not in the scope of the original contract for the new system and will result in delays to the anticipated statewide implementation date for the new system.

21.    HI DHS submitted a list of questions to USDA on July 17, 2025 following the passage of the OBBB requesting clarification regarding non-citizen eligibility for SNAP, and sent additional questions for follow up on October 31, 2025 following the issuance of the October 31, 2025 Guidance. As of November 24, 2025, HI DHS has not received any response from USDA to its specific questions, which has made it difficult for HI DHS to determine if the policy guidance, desk aids, and training materials it is developing accurately reflect USDA guidance. The lack of timely and complete guidance from USDA regarding SNAP non-citizen eligibility has hindered HI DHS' ability to issue full policy guidance to its staff for implementation by the November 1, 2025 end of the hold harmless period for error. Additionally, lack of timely guidance from the USDA will likely result in further delays in implementation of the new BES eligibility system.

22.    HI DHS is unable to move forward with full implementation of the OBBB changes for non-citizen SNAP eligibility and provide guidance to its eligibility staff without further clarification from USDA to resolve questions related to the October 31, 2025 Guidance. Similarly, HI DHS is also unable to move forward with finalizing Change Requests in its new BES eligibility system related to non-citizen SNAP eligibility without further clarification from USDA to resolve questions related to the October 31, 2025 Guidance.

### Impact of the Guidance on Hawai'i and HI DHS

23.    The Guidance has caused significant confusion and administrative difficulties for HI DHS, disrupting HI DHS's efforts to implement the OBBB's changes to non-citizen SNAP

eligibility. HI DHS eligibility staff are confused regarding which non-citizen groups are still eligible for SNAP, and what time limits may apply related to their eligibility. Similarly, SNAP applicants and participants are also confused regarding the new requirements, and have called or walked into DHS Processing Centers with questions regarding their current and future eligibility for SNAP. The resulting confusion among both staff and SNAP participants contributes to delayed processing times for SNAP and increased risk of payment error and potential overpayments or underpayments of benefits.

24.    As described above, HI DHS has already invested significant time and resources into planning related to the changes to non-citizen SNAP eligibility made by the OBBB. The Guidance will increase the costs required to implement the changes required by the OBBB. Specifically:

a) Delays in finalizing and implementing the necessary Change Request for the new BES eligibility system will contribute to increased costs for the new system, as well as delays in statewide implementation;

b) Additional time will be required for staff training and the development of online training materials to educate staff on the new policy changes for non-citizen SNAP eligibility;

c) The number of administrative hearings regarding disqualifications related to non-citizen eligibility are likely to increase due to confusion about which non-citizen groups remain eligible for SNAP; and

d) Costs to administer the HI DHS call center for SNAP and financial assistance will likely increase due to an increased number of calls from SNAP applicants and participants who are confused regarding non-citizen SNAP eligibility.

25.     The Guidance elevates the risk that Hawaiʻi will face massive financial penalties due to inadvertent noncompliance with the OBBB and/or the Guidance. Section 10105 of the OBBB created a new set of penalties for States tied to their payment error rates. The Guidance stated that the "exclusionary period"—that is, the period of time during which errors do not count towards a state's error rate—ended on November 1, 2025, the day after the guidance was issued. Historically, there are more errors as agencies figure out how to implement a new guidance. Thus, USDA may attempt to count any so-called "errors" stemming from the Guidance as part of Hawaiʻi's error rate, increasing the risk that Hawaiʻi may have to pay financially ruinous penalties. And USDA claims the authority to be able to count those errors starting November 1, 2025, leaving only a one-day period for compliance, further increasing the chance of these penalties.

26.     HI DHS's understanding of the Guidance is that it appears to exclude certain categories of non-citizens from SNAP who appear to be eligible under the OBBB and other eligibility requirements that were unchanged by the OBBB. Under the Guidance, some non-citizens within Hawaiʻi will be excluded from SNAP. This will harm Hawaiʻi and HI DHS.

27.     The lack of clarity regarding non-citizen eligibility caused by the Guidance will significantly erode trust between the state of Hawaiʻi and its residents. To properly effectuate its safety net programs, HI DHS has devoted years of work to overcome stigma, misinformation, and other barriers to access, particularly among immigrant communities. If households experience uncertainty in receiving crucial benefits, they are likely to feel that HI DHS has failed or engaged in wrongdoing. SNAP benefits directly fund one of the most crucial basic human needs: access to food. Failure to deliver on that basic need as promised is a deep violation of residents' trust.

7

28.     Furthermore, loss of trust among Hawai'i residents will likely lead to a chilling effect among various immigrant communities, leading to decreased SNAP enrollments, which in turn will cause irreparable long-term harm and costs to the State in the form of increased healthcare and safety net costs, and expending of resources to rebuild trust in the public agency.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of November, 2025, in Honolulu, HI.

Scott Morishige
Division Administrator
Hawai'i Department of Human Services

8

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I served the foregoing upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Susanne Luse | ___ HAND DELIVERY |
| Assistant United States Attorneys | ___ MAIL DELIVERY |
| U.S. Attorney's Office for the District | ___ OVERNIGHT MAIL |
| of Oregon | ___ TELECOPY (FAX) |
| 1000 SW Third Ave. Suite 600 | ___ E-SERVE |
| Portland, OR 97204 | _X_ E-MAIL |
| | susanne.luse@usdoj.gov |

*s/ Leanne Hartmann*
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KRISTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
100 SW Market Street
Portland, OR 97201
Tel (971) 673-1880
Fax (971) 673-5000
Leanne.Hartmann@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
kirsten.m.naito@doj.oregon.gov
sara.delrubin@doj.oregon.gov
derek.olson@doj.oregon.gov

*Counsel for the State of Oregon*

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000