DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KIRSTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Leanne.Hartmann@doj.oregon.gov
         Brian.S.Marshall@doj.oregon.gov
         kirsten.m.naito@doj.oregon.gov
         sara.delrubin@doj.oregon.gov
         derek.olson@doj.oregon.gov


Attorneys for the State of Oregon


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al.,<br><br>          Defendants. | Case No.  6:25-cv-02186-MTK<br><br><br>DECLARATION OF NICOLE TOUSIGNANT |

**DECLARATION OF NICOLE TOUSIGNANT**

I, Nicole Tousignant, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a resident of the State of Vermont and I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

**Personal Background and Qualifications**

2. I am currently employed by the Vermont Department for Children and Families (VT DCF) as the Economic Benefits Director for the Economic Services Division (ESD) I have held that role since 2022.  As Economic Benefits Director, I oversee the Food and Nutrition Team, as well as the General Assistance team, the Reach Up program, and the Fuel team, Previously, I served as the Senior Policy and Operations Director for ESD for approximately 5 years and, prior to that, as the Low Income Home Energy Assistance Program director. I previously worked for the Vermont Agency of Education for 15 years.

3. I make this declaration based on personal knowledge and on my review of information and records gathered by agency staff.

**SNAP in Vermont**

4. SNAP, one of the programs administered by the Vermont Department for Children and Families, Economic Services Division (VT DCF), involves the issuance of monthly electronic benefits that can be used to purchase food at authorized retail stores.

5. SNAP is a key part of Vermont's efforts to address hunger by supplementing the food budget of low-income families so they can purchase healthy food. Thus far in 2025, an average of over 63,000 people received SNAP benefits in Vermont each month, including approximately 38,610 households and 18,531 children, 17,405 elderly individuals (60 years +) and 19,263 individuals living with a disability. Households in Vermont receive on average $322

1

per month in SNAP benefits to meet their basic subsistence and nutritional needs. During the federal fiscal year between October 1, 2024 and September 30, 2025, VT DCF issued approximately $12.5 million per month in SNAP benefits in Vermont.

6. VT DCF administers the SNAP program in Vermont pursuant to 33 V.S.A. § 1701. Pursuant to federal law, VT DCF administers SNAP on behalf of the United States Department of Agriculture (USDA) and is responsible for the issuance, control, and accountability of SNAP benefits and Electronic Benefit Transaction (EBT) cards; ensuring program integrity; and supervising local transitional assistance offices' day-to-day administration of SNAP, including processing applications for SNAP benefits and certifying eligible applicant households. 7 U.S.C. § 2020(a)(1); 7 C.F.R. § 271.4; 7 C.F.R. § 274.2. USDA funds the entirety of SNAP benefits in Vermont, though Vermont and the federal government split administrative costs. 7 U.S.C. § 2025(a).

7. Consistent with federal law, VT DCF administers SNAP benefits to non-citizens who are eligible for SNAP by statute.

### Public Law 119-21 (the One Big Beautiful Bill Act of 2025)

8. On July 4, 2025, President Donald J. Trump signed into law Public Law 119-21, the One Big Beautiful Bill Act of 2025 (OBBB).

9. Section 10108 of the OBBB, titled "Alien SNAP Eligibility," made changes to the eligibility of certain categories of non-citizens for SNAP benefits, amending section 6(f) of the Food and Nutrition Act of 2008, 7 U.S.C. 2015(f).

### USDA's October 31, 2025 SNAP Guidance

10. On October 31, 2025, USDA issued guidance ("the Guidance"), which purports to explain the changes to non-citizens' eligibility for SNAP benefits required by Section 10108 of Public Law 119-21.

11.     I and others at VT DCF  have reviewed the Guidance and 7 U.S.C. 2015(f), as amended by the OBBB. VT DCF's understanding is that the Guidance is inconsistent with other laws and regulations regarding SNAP eligibility that we understand to be unchanged by the OBBB.

12.     On October 31, 2025, USDA sent VT DCF the Guidance via email.

**Implementation of the OBBB and the Guidance by VT DCF**

13.     VT DCF collects immigration documents to verify non-citizen status.  Common document types include I-94s, Permanent Resident Cards or passports.  VT DCF uses the Systematic Alien Verification for Entitlements (SAVE) program to verify non-citizen status.

14.     VT DCF analyzes SAVE results to determine eligibility for SNAP and other economic benefit programs.  Eligibility workers input codes into VT DCF's eligibility system that indicate what economic benefit programs an individual is eligible to receive based on citizenship and non-citizen eligibility status.

15.     In July 2025, following the passage of the OBBB, VT DCF began to take steps to implement the OBBB's changes to non-citizen eligibility for SNAP. In the absence of federal guidance, VT DCF updated its policy manual and trained eligibility staff consistent with its understanding of the OBBB changes to non-citizen eligibility.

16.     On September 4, 2025, VT DCF received a memo from USDA detailing SNAP provisions of the OBBB.  With regard to Section 10108 of the OBBB, Alien SNAP Eligibility, the memo states that further guidance would be forthcoming.  The memo further provided that additional guidance would generally be forthcoming by September 30, but such guidance did not arrive before the federal government shutdown.

17.     On October 31, VT DCF received guidance from USDA on Alien SNAP eligibility.   The Guidance differed from VT DCF's understanding of the OBBB changes to non-

citizen eligibility. The Guidance also appears contradictory with respect to certain categories of non-citizens, leaving questions about how the USDA will apply its interpretation of the OBBB.

18.    Following the Guidance and given the potential impact to the Payment Error Rate for not implementing Section 10108 of the OBBB, VT DCF terminated benefits for some Lawful Permanent Residents.

19.    On December 9, 2025, VT DCF received a new memo from USDA that provides questions and answers on Section 10108 of the OBBB. The December 9 Question and Answer memo includes a chart detailing which Lawful Permanent Residents are subject to a 5-year waiting period based on their alien status prior to adjusting to a Lawful Permanent Resident. The December 9 Question and Answer memo appears inconsistent with the October 31 USDA guidance in several respects.

20.    On December 10, 2025, VT DCF received an email from USDA that revised the December 9 memo to state that Lawful Permanent Residents that were Victims of Severe Trafficking were also not subject to a 5-year waiting period after adjusted status to Lawful Permanent Resident – which differs from the information provided on December 9.

21.    VT DCF is now implementing the December 9 and 10 memoranda and providing benefits for Lawful Permanent Residents whose benefits were terminated.

**Impact of the Guidance on Vermont and VT DCF**

22.    The USDA Guidance memo and subsequent Question and Answers memo have disrupted VT DCF's implementation of the OBBB's changes to non-citizen SNAP eligibility. VT DCF is currently working to revise its policies in light of the most recent Question and Answers memo.

23.    It remains unclear whether the Guidance memo and subsequent Question and Answers memo align with the published Supplemental Nutrition Assistance Program Quality

4

Control Handbook (FNS Handbook 310), updated by USDA in October 2025 to incorporate OBBB changes.  The FNS Handbook 310 provides procedures for conducting quality control (QC) reviews of SNAP, which ultimately establish each state's official payment error rate (PER) each federal fiscal year.

24.    Inconsistencies between the Guidance memo, subsequent Questions and Answers memo and FNS 310 Handbook elevate the risk that Vermont will face massive financial penalties due to inadvertent noncompliance with OBBB and/or the Guidance. Section 10105 of the OBBB created a new set of penalties for States tied to their payment error rates. The Guidance stated that the "exclusionary period"—that is, the period of time during which errors do not count towards a state's error rate—ended on November 1, 2025, the day after the Guidance memo was issued. Historically, there are more errors as agencies figure out how to implement new guidance. Thus, USDA may attempt to count any so-called "errors" stemming from the Guidance as part of Vermont's error rate, increasing the risk that Vermont may have to pay financially ruinous penalties.

25.    The financial penalties associated with having a payment error rate in excess of six percent in federal fiscal year 2026 threatens the ability of Vermont to be able to offer SNAP program and SNAP food benefits to its citizens.

26.    The lack of clarity regarding non-citizen eligibility caused by the Guidance memo, Question and Answers memo and FNS Handbook 310 will significantly erode trust between Vermont and its residents. To properly effectuate its safety net programs, VT DCF has devoted years of work to overcome stigma, misinformation, and other barriers to access, particularly among immigrant communities. If households experience uncertainty in receiving crucial benefits, they are likely to feel that VT DCF has failed or engaged in wrongdoing. SNAP

5

benefits directly fund one of the most crucial basic human needs: access to food. Failure to deliver on that basic need as promised is a deep violation of residents' trust.

27.     Furthermore, loss of trust among Vermont residents will likely lead a chilling effect among various immigrant communities, leading to decreased SNAP enrollments, which in turn will cause irreparable long-term harm and costs to the State in the form of increased healthcare and safety net costs, and expending of resources to rebuild trust in the public agency.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed in Waterbury, Vermont on December 12, 2025.

Nicole Tousignant

6