# EXHIBIT D


Food and Nutrition Service
U.S. DEPARTMENT OF AGRICULTURE

DATE:        August 29, 2025

SUBJECT:     Supplemental Nutrition Assistance Program (SNAP) Implementation of the One
             Big Beautiful Bill Act of 2025 – Treatment of Energy Assistance Payments

TO:          All SNAP State Agencies
             All Regions


On July 4, 2025, President Donald J. Trump signed into law the One Big Beautiful Bill Act of 2025 (OBBB). The Food and Nutrition Service (FNS) is issuing this memorandum to provide Supplemental Nutrition Assistance Program (SNAP) State agencies with additional information on implementing Section 10103 of the OBBB, which changes the treatment of certain energy assistance payments for SNAP.


**Treatment of LIHEAP or Other Similar Energy Assistance Program Payments**

Section 10103 of the OBBB amends how State agencies treat receipt of a payment under the Low-Income Home Energy Assistance Act of 1981 (LIHEAA) or other similar energy assistance program for the purposes of the Heating and Cooling Standard Utility Allowance (HCSUA), depending on whether the household contains an elderly[1] or disabled member.

Prior to the OBBB, State agencies were required to make the HCSUA available to any household that received a payment (or household on behalf of which a payment was made), in the current month or in the immediately preceding 12 months, that was greater than $20 annually under LIHEAA, or other similar energy assistance programs. SNAP considers a payment that meets these criteria as a "qualifying Low-Income Home Energy Assistance Program (LIHEAP) or other payment".

Section 10103 of the OBBB now requires that households receiving a qualifying LIHEAP or other payment contain an elderly or disabled member in order to have the HCSUA automatically applied to their case. Therefore, State agencies must no longer automatically confer HCSUA eligibility to households without an elderly or disabled member based on receipt of a qualifying LIHEAP or other payment.

This provision made no other changes related to what is considered a qualifying payment or how they are treated.

---

[1] For SNAP purposes, an elderly member means a member of a household who is 60 years of age or older.

Households without an elderly or disabled member still qualify for the HCSUA, if the household incurs heating or cooling expenses in accordance with Section 5(e)(6)(C) of the Food and Nutrition Act of 2008 (FNA). If the household does not qualify for the HCSUA because they do not incur heating or cooling expenses, they may be entitled to the use of another standard utility allowance (SUA), based on the utility expenses they incur, or to the use of actual expenses, depending on the State agency's SUA policy.

## Treatment of Third-Party Energy Assistance Payments Provided under State Law

Section 10103 of the OBBB also changes how SNAP treats third-party energy assistance payments provided under a State law. Treatment of these payments also now depends on whether the household contains an elderly or disabled household member.

Prior to the OBBB, State agencies were required to count third-party energy assistance payments provided under State law as income for SNAP purposes for all households. In addition, State agencies were required to count any expenses covered by these energy assistance payments towards the household's shelter costs when determining their excess shelter deduction.

Following the OBBB, third-party energy assistance payments provided under State law do not count as income if the SNAP household contains an elderly or disabled member. If the household does not contain an elderly or disabled member, State agencies must continue to count third-party energy assistance payments provided under State law as income for SNAP purposes.

Section 10103 also differentiates how these payments are considered for the purposes of the excess shelter deduction, depending on if the household contains an elderly or disabled member. State agencies must continue counting any expense covered by these payments towards the household's shelter costs if the household contains an elderly or disabled member. However, State agencies shall no longer allow households that do not contain an elderly or disabled member to count expenses covered by these payments towards their shelter costs.

## Implementation of Section 10103

Section 10103 of the OBBB was effective upon enactment, July 4, 2025. State agencies must apply these policies to new applicants at initial certification immediately. For ongoing households, State agencies must review household circumstances and at a minimum, apply

these policies at the household's next recertification. However, FNS strongly encourages application of these policies as soon as possible for ongoing households.

*Applying Changes at Recertification*

The State agency must review household shelter costs at recertification to determine if households remain eligible for the HCSUA. Households no longer eligible for the HCSUA may be entitled to another SUA based on the utility expenses they incur. The State agency must review and determine how to appropriately capture household shelter costs, including the use of another SUA or actual expenses, depending on the State agency's SUA options.

*Changes During the Certification Period*

State agencies are expected to make every effort to apply these changes to households during the certification period if the State agency has sufficient information about household utility expenses. At a minimum, State agencies must apply changes to ongoing households at their next recertification. FNS recognizes that State agencies may share information across their SNAP and State-operated energy assistance programs. While State agencies may have information on whether a household receiving this assistance contains an elderly or disabled member, that is not enough information to determine the impact of the case appropriately.

State agencies shall not remove an ongoing household's eligibility for the HCSUA during the certification period solely based on information that the household does not contain an elderly or disabled member. If a household incurs heating or cooling costs, it must maintain eligibility for the HCSUA.  State agencies should make changes immediately for cases where they have information that a household incurs heating or cooling costs. FNS encourages State agencies to send voluntary notices to encourage households to provide information on updated utility costs during the certification period. However, State agencies shall not send a Request for Contact (RFC) for this purpose or terminate a household's case if the household does not provide this information during the certification period, per program rules at 7 CFR 273.12(c).

*Split Households*

If a household with an elderly or disabled member that received a qualifying LIHEAP or other payment subsequently splits into multiple SNAP households, State agencies must consider whether each of the separate households contain an elderly or disabled member. If each of the separate households contain an elderly or disabled member, the State agency must confer the HCSUA to each of the households based on the qualifying LIHEAP or other payment. If one of the separate households resulting from the split does not contains an

elderly or disabled member, that household is no longer entitled to receive the HCSUA unless they incur heating or cooling expenses, as described above.

*Quality Control and Technical Assistance*

FNS will, as appropriate, hold States harmless for Quality Control (QC) purposes for 120 days from the implementation date.

However, the 120-day variance exclusion period cannot apply if the State agency does not implement the new provision in accordance with 7 CFR 275.12(d)(2)(vii)(E). State agencies that implement a provision later than the required implementation date, but before the end date of the exclusionary period, will only be allowed a variance exclusion for the time remaining. State agencies that implement after the exclusionary period end date do not get a variance exclusion. Early implementation rules at 7 CFR 275.12(d)(2)(vii)(A) do not apply since the enactment date for Section 10103 of OBBB was July 4, 2025.

A 120-day variance exclusion is permitted for the misapplication of changes in Section 10103 of the OBBB to new and ongoing SNAP households until the exclusionary period end date on November 1, 2025.

FNS stands ready to work with State agencies and provide additional technical assistance as you work to implement the OBBB. State agencies with questions on Section 10103 of the OBBB should contact their respective FNS Regional Office. These questions will help inform additional guidance in future memos.

Sincerely,

RONALD
WARD

Digitally signed by
RONALD WARD
Date: 2025.08.29
12:57:01 -04'00'

Ronald Ward
Acting Associate Administrator
Supplemental Nutrition Assistance Program
Food and Nutrition Service