# EXHIBIT E

**USDA** Food and Nutrition Service
U.S. DEPARTMENT OF AGRICULTURE

DATE:          October 3, 2025

SUBJECT:       Supplemental Nutrition Assistance Program (SNAP) Provisions of the One Big
               Beautiful Bill Act of 2025 - ABAWD Exceptions - Implementation Memorandum

TO:            All SNAP State Agencies
               All Regions

On July 4, 2025, President Donald J. Trump signed into law the historic One Big Beautiful Bill Act of 2025 (OBBB). On September 5, 2025, the Food and Nutrition Service (FNS) published a memorandum describing the SNAP provisions of the OBBB, *Supplemental Nutrition Assistance Program Provisions of the One Big Beautiful Bill Act of 2025 – Information Memorandum*.

This memorandum provides State agencies additional information on implementing Section 10102(a) of the OBBB, which changes exceptions from the Able-Bodied Adults Without Dependents (ABAWD) time limit.

**<u>Modification of ABAWD Time Limit Exceptions</u>**

The OBBB modifies the ABAWD time limit exceptions at Section 6(o)(3) of the Food and Nutrition Act of 2008 (the Act). Throughout this document, "modified exception criteria" refers to the ABAWD exception criteria, as amended by the OBBB.

**Increase of the Upper Age Limit**

Prior to passage of OBBB, individuals aged 18 to 54 were subject to the ABAWD time limit.[1] The OBBB increases the age of those subject to the time limit to age 64. Therefore, individuals aged 18 to 64 are now subject to the time limit, unless they meet another exception.

The OBBB does not change the upper age limit for the general work requirements at Section 6(d)(3) of the Act. Individuals aged 60 or older remain exempt from the general work requirements, including mandatory participation in SNAP Employment and Training (E&T).

The OBBB also does not impact the definition of "elderly" in Section 3(j) of the Act. Individuals age 60 or older continue to be defined as "elderly" for SNAP purposes. Therefore, State agencies must continue to apply other policies for elderly individuals to those aged 60 or

---

[1] The Fiscal Responsibility Act of 2023 gradually increased the age of those subject to the ABAWD time limit from 49 to 54 through fiscal year 2030.

older, such as the availability of excess medical deduction and the lack of a cap on excess shelter deduction.

### Changes to the Exception for Children in the Household

The OBBB limits the exception for a parent or other household member with responsibility for a dependent child to children under 14 years of age. Previously, this exception applied to a parent or other household member with responsibility for a dependent child under 18 years of age.

Therefore, adults in a SNAP household with children between ages 14 and 17 are now subject to the time limit, unless they meet another exception, including caring for a child in the household under age 14.

### End of Exceptions Implemented by the Fiscal Responsibility Act of 2023

The OBBB removes the temporary exceptions for the following populations, which were added by the Fiscal Responsibility Act of 2023 (FRA):

1. Homeless individuals;

2. Veterans; and

3. Individuals aged 24 or younger and in foster care on their 18th birthday (or a higher age if the State offers extended foster care).

These individuals are once again subject to the time limit, as they were prior to the 2023 FRA, unless they meet another exception.

### New Exceptions

The OBBB adds new exceptions for Indians, also referred to as Native Americans, Alaska Natives, Indigenous Peoples, and Tribal Members. The new exceptions include:

1. "An Indian" as defined in paragraph (13) of section 4 of the Indian Health Care Improvement Act (IHCIA);

2. "An Urban Indian" as defined in paragraph (28) of Section 4 of the IHCIA; and

3. "A California Indian" as described in section 809(a) of the IHCIA.

Therefore, individuals are not subject to the time limit if they meet one of the limited definitions detailed below, per 25 U.S.C. Chapter 18. State agencies must follow verification rules, including verifying questionable information with reviewable documentary evidence per 7 CFR 273.2(f) and 273.24(l).

An individual is an "Indian" per 25 U.S.C. 1603(13) if they:

1.  Are a member of an Indian tribe.

2.  Indian tribe is defined as any Indian tribe, band, nation, or other organized group or community, including any Alaska Native village or group or regional or village corporation as defined in or established pursuant to the Alaska Native Claims Settlement Act, which is recognized as eligible for the special programs and services provided by the United States to Indians because of their status as Indians. *Please note, this definition of "Indian tribe" is different than the definition of "Indian tribe" at 7 CFR 271.2.*;

An individual is an "Urban Indian" per 25 U.S.C. 1603(18), if they:

1.  Reside in an urban center and meet at least one of the following four criteria:

    a.  Regardless of if they live on or near a reservation, is a member of a tribe, band, or other organized group of Indians, including those tribes, bands, or groups terminated since 1940 and those recognized now or in the future by the State in which they reside, or who is a descendant, in the first or second degree of any such member;

    b.  Is an Eskimo or Aleut or other Alaska Native,

    c.  Is determined to be an Indian for any purpose under regulations promulgated by the Secretary of Interior; or

    d.  Is determined to be an Indian under regulations promulgated by the Secretary of Health and Human Services.

2.  Urban center is defined as any community which has a sufficient urban Indian population with unmet health needs to warrant assistance under subchapter IV of the IHICA, as determined by the Secretary of Health and Human Services.

An individual is a "California Indian" per 25.U.S.C. 1679(a), if they:

1. Are a member of a federally recognized Indian tribe;

2. Are a descendant of an Indian who was residing in California on June 1, 1852, if such descendant—

   a. Is a member of the Indian community served by a local program of the Indian Health Service; and

   b. Is regarded as an Indian by the community in which such descendant lives;

3. Are an Indian who holds trust interests in public domain, national forest, or reservation allotments in California; or

4. Are an Indian of California who is listed on the plans for distribution of the assets of rancherias and reservations located within the State of California under the Act of August 18, 1958, and any descendant of such an Indian.

**Application of Modified Exception Criteria**

These changes were effective upon enactment, July 4, 2025. State agencies must immediately screen for and apply the modified exception criteria to all initial applications and recertification applications.

**Screening for Exceptions**

As a reminder, State agencies must screen each work registrant to determine if it is appropriate, based on the State agency's criteria, to refer the individual to an E&T program per 7 CFR 273.7(c)(2). Since individuals aged 60 to 64 remain exempt from the general work requirements, State agencies are prohibited from requiring individuals aged 60 through 64 to participate in E&T (mandatory E&T).

State agencies must also screen for exemptions in accordance with relevant law and regulation.

**Noticing Requirements**

State agencies must provide households with a consolidated written notice and an oral explanation of all applicable work requirements, including the general work requirements, ABAWD requirements and mandatory SNAP Employment and Training (E&T), if assigned, per

7 CFR 273.7(c)(1)(ii). State agencies must update their notices to ensure individuals aged 55 to 64 are properly notified that they are now subject to the ABAWD time limit.

**Verification Requirements**

State agencies must continue to follow verification requirements at 7 CFR 273.2(f) and 273.24(l).

## Quality Control and Technical Assistance

FNS will, as appropriate, hold States harmless for Quality Control (QC) purposes for 120 days from the required implementation date.

The 120-day variance exclusion period cannot apply if the State agency does not implement the new provision in accordance with 7 CFR 275.12(d)(2)(vii). State agencies that implement a provision later than the required implementation date, but before the end date of the exclusionary period, will only be allowed a variance exclusion for the time remaining. State agencies that implement after the exclusionary period end date do not get a variance exclusion.

A 120-day variance exclusion is permitted for the misapplication of the below OBBB changes, as discussed in this memo:

- The revision of the exception for a parent or other household member with responsibility for a dependent child from a child under 18 years old to a child under 14 years old;

- The removal of the three temporary exceptions added by the FRA, including homeless individuals, veterans, and individuals aging out of foster care;

- The addition of exceptions for Indians, Urban Indians, and California Indians; and

- The increase in the age-based exception to subject individuals to the time limit through age 64.

None of the above provisions are subject to early implementation rules at 7 CFR 275.12(d)(2)(vii)(A) since the enactment date of all provisions began on July 4, 2025. The exclusionary period end date for all the above provisions is November 1, 2025.

FNS is committed to providing ongoing technical assistance to State agencies to ensure successful implementation of the OBBB provisions. FNS will continue to provide additional materials guidance and State-specific technical assistance.

State agencies with questions should contact their Regional Office representatives.

Sincerely,

RONALD WARD  Digitally signed by RONALD WARD
Date: 2025.10.03
14:06:43 -04'00'

Ronald Ward
Acting Associate Administrator
Supplemental Nutrition Assistance Program
Food and Nutrition Service