BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

MICHAEL VELCHIK
Senior Counsel to the Assistant Attorney General
TYLER J. BECKER (D.C. Bar No. 90007283)
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave
Washington, DC 20530
Tel: (202) 514-4052
Email: tyler.becker@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

|  |  |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKE ROLLINS, in her official capacity, *et al*.,<br><br>Defendants. | No. 6:25-cv-02186-MTK |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE NINTH CIRCUIT ON DEFENDANTS' APPEAL OF THIS COURT'S PRELIMINARY INJUNCTION

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to LR 7-1(a), undersigned counsel certifies that he conferred with counsel for Plaintiffs by Microsoft Teams on February 20, 2026, and made a good faith effort to resolve the disputed issues addressed in this motion, but was unable to resolve the dispute.

Defendants and Plaintiffs have, however, agreed to a two-week extension of the current summary-judgment deadlines. The extension is necessary to enable the U.S. Department of Agriculture (USDA) to compile the Certified Administrative Record for Plaintiffs' First Amended Complaint, which Plaintiffs filed on January 30, 2026. Good cause exists for the extension of deadlines because Plaintiffs' Amended Complaint challenges several other USDA guidance documents that Plaintiffs' did not challenge in their Initial Complaint and on which this Court did not consider in granting Plaintiffs' preliminary-injunction motion. Defendants do not object to providing the CAR for the newly challenged documents on the same timeline as the guidance documents challenged in Plaintiffs' initial complaint nor object to adjudicating claims about the newly challenged documents in the same summary-judgment proceeding due to overlapping legal issues. However, USDA needs additional time to gather the relevant CARs. Additionally, the two-week extension of current summary-judgment deadlines will enable Plaintiffs to respond to Defendant's motion to stay proceedings in the ordinary course, and provide this Court the opportunity to consider Defendants' motion prior to significant work being undertaken on summary-judgment briefing.

With a two-week extension, the summary judgment deadlines would be:

- Production of Administrative Record due by March 16, 2026

- Plaintiffs' Motion for Summary Judgment due by April 3, 2026

- Defendants' Opposition and Cross-Motion for Summary Judgment due by April 24, 2026

Defendants' Motion to Stay Proceedings 2

- Plaintiffs' Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment due by May 15, 2026

- Defendants' Reply in Support of Cross-Motion for Summary Judgment due by May 29, 2026.

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants respectfully move the Court to stay proceedings until seven days after a decision by the Ninth Circuit on Defendants' appeal of this Court's preliminary-injunction order. ECF No. 70. Defendants submit the memorandum of law below in support of their motion to stay proceedings. Defendants also move to extend summary-judgment deadlines by two weeks, as discussed *supra*; this change is unopposed.

## MEMORANDUM OF LAW

### BACKGROUND

1. On October 31, 2025, USDA issued Guidance titled "Supplemental Nutrition Assistance Program (SNAP) Implementation of the One Big Beautiful Bill Act of 2025 – Alien SNAP Eligibility." ECF No. 1-1. The memorandum "provides State agencies with additional information on implementing Section 10108 of the OBBB, which makes changes to alien eligibility for SNAP." *Id.* at 1. The Guidance did not itself purport to make any changes to SNAP eligibility; it merely explained the statutory changes that Congress had effectuated in the OBBB.

Section 10105 of the OBBB also created a new cost-sharing provision in the Food and Nutrition Act which, starting in Fiscal Year 2028, will require certain States to share in the cost of funding SNAP benefits if those States' historical payment error rates exceed certain thresholds. *See* 7 U.S.C. § 2013(a)(2). This provision allocates costs a portion of the cost of SNAP benefits to participating States based in part on the State's "payment error rate" as determined by the SNAP

Defendants' Motion to Stay Proceedings 3

quality-control system, which uses a sampling of State data to calculate the error rate. 7 U.S.C. § 2013(a)(2); 7 U.S.C. § 2025(c). In determining a State's payment error rate, the statute excludes "[a]ny errors resulting in the application of new regulations promulgated under this chapter during the first 120 days from the required implementation date for such regulations." 7 U.S.C. § 2025(c)(3)(A). A regulation excludes "any variance resulting from application of a new Program regulation or implementing memorandum of a mandatory or optional change in Federal law that occurs during the first 120 days from the required implementation date." 7 C.F.R. § 275.12(d)(2)(vii).

The Alien SNAP Eligibility Guidance stated that "Section 10108 of the OBBB was effective upon enactment, July 4, 2025." ECF 1-1 at 3. Because the statute was self-executing, the Guidance stated that "State agencies must immediately apply the new eligibility criteria to new applicants." *Id.* The Guidance further clarified that the Department would "hold States harmless for Quality Control (QC) purposes for 120 days from the required implementation date in accordance with 7 CFR 275.12(D)(2)(vii)." *Id.* The Guidance calculated that the "120-day variance exclusion is permitted for the misapplication of changes in Section 10108 of the OBBB to new and ongoing SNAP households until the exclusionary period end date on November 1, 2025," *i.e.*, 120 days after the President signed the OBBB into law. *Id*. at 4.

2. On November 26, 2025, Plaintiffs filed a Complaint for declaratory and injunctive relief. The Complaint alleged that the Guidance violates the Administrative Procedure Act ("APA") as contrary to law and arbitrary and capricious. Compl. ¶¶ 88-126. Plaintiffs alleged that "the guidance … goes beyond the Act, arbitrarily excluding from SNAP many lawful permanent residents who remain eligible under the statutory scheme established by Congress." *Id.* ¶ 3. Plaintiffs also alleged that the Guidance was "contrary to law" and "arbitrary and capricious"

Defendants' Motion to Stay Proceedings 4

because "USDA's own regulations provide that the 120-day exclusionary period begins with the issuance of the implementing memoranda (i.e., the Guidance itself)," not from the statute's effective date.  *Id.* ¶¶ 112-128.  On November 26, 2025, Plaintiffs also moved for a preliminary injunction or, in the alternative, a stay under 5 U.S.C. § 705 of the APA.  ECF No. 4.

On December 9, 2025, USDA published additional guidance titled "Supplemental Nutrition Assistance Program (SNAP) Provisions of the One Big Beautiful Bill Act of 2025 – Alien SNAP Eligibility – Question and Answer #1."[1]  The Supplemental Guidance clarified that there was no dispute between the parties as to the OBBB's changes to the eligibility of various alien groups for SNAP.  As this Court acknowledged at the preliminary-injunction hearing, the only issue that remained was the start and end dates of the 120-day variance exclusion for the misapplication of changes to alien eligibility for SNAP required by Section 10108 of the OBBB.  *See* Prelim. Inj. Hear. Tr., at 128:1-22, ECF No. 65 (Dec. 15, 2025) ("[T]he motion for the preliminary injunction was narrowed to just the exclusionary period and … the eligibility issues have been resolved by virtue of the Q&As that were submitted on December 9th and 10th.").

3.  On December 15, 2025, this Court determined that Plaintiffs were likely to succeed on the merits of the claims that remained, namely those claims pertaining to the 120-day variance exclusion for the OBBB's alien-eligibility changes.  ECF No. 64.  On January 15, 2026, the parties submitted a joint status report governing further proceedings.  ECF No. 66.  Plaintiffs proposed a summary-judgment briefing schedule.  Defendants did not object to the summary-judgment schedule in the event they did not appeal this Court's preliminary injunction order to the Ninth Circuit.  However, Defendants notified the Court that they would seek to stay all proceedings in the district court case pending a decision by the Ninth Circuit if Defendants appealed this Court's

---

[1] The Supplemental Guidance was amended on December 10, 2025 to correct one error.

preliminary-injunction order. *Id.* at 2-3.

On January 30, 2026, Plaintiffs filed an Amended Complaint in this action. Amend. Compl., ECF No. 68. Plaintiffs' Amended Complaint continues to assert the same substantive claims against Defendants. Plaintiffs have now added challenges to the 120-day variance exclusion applied in three other USDA guidance documents implementing OBBB changes to SNAP. Amend. Compl. ¶¶ 130-144. Specifically, Plaintiffs assert claims against guidance the Standard-Utility Allowance Guidance implementing Section 10103 of the OBBB, which changes how recipients' utility bills are counted for SNAP; the Able-Bodied Adults Without Dependents Guidance implementing Section 10102(a) of the OBBB, which changes exceptions to work requirements for such individuals' SNAP eligibility; and the Exclusionary Period Memo relevant to those guidance documents. *See id.*

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Lee v. Miller*, 2021 WL 5260294, at *2-*3 (D. Or. Oct. 29, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-11 (9th Cir. 2005); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("Although the filing of an interlocutory appeal does not

Defendants' Motion to Stay Proceedings 6

automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants" (citation omitted)).  As to the last factor, courts frequently grant stays pending resolution of proceedings that may "bear upon the case," because a stay is most "efficient for [the Court's] own docket and the fairest course for the parties."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

**ARGUMENT**

The Ninth Circuit's decision on Defendants' appeal of this Court's December 15, 2025 preliminary-injunction order is likely to control, clarify, or narrow the legal issues presented by Plaintiffs' Amended Complaint.  Staying district court proceedings therefore will conserve judicial resources, avoid inconsistent rulings, and prevent unnecessary prejudice and expense to the parties. For similar reasons, Plaintiffs will not be harmed by a stay of district court proceedings.

## I.    The Ninth Circuit's Decision in Defendants' Appeal Will Likely Narrow the Case Substantially and May Resolve It Entirely

A stay is plainly warranted here because the Ninth Circuit's disposition of the appeal of this Court's preliminary-injunction order is likely to be controlling with respect to the central merits issues presented in this case, rendering additional proceedings duplicative and wasteful.

In granting Plaintiffs' motion for a preliminary injunction, this Court held that Plaintiffs are likely to succeed on the merits because Defendants' reading of "7 USC 2025 and 7 CFR 275" to run the "exclusionary period" from the "effective date of" the OBBB rather than the date of Defendants' guidance implementing the OBBB's changes cannot be "squar[ed]" with the statutory and regulatory text.  Prelim. Inj. Hear. Tr., at 130:3-19.  This Court determined that Defendants had, with regard to OBBB's changes to alien eligibility for SNAP, effectively provided an "exclusionary period amounting to one day," because the Guidance was published on October 31,

Defendants' Motion to Stay Proceedings 7

2025, and stated that errors from the OBBB changes would begin counting from November 1—120-days after the OBBB's effective date. *Id.*, at 129:21-130:2. This Court also ruled for Plaintiffs on their claims that the exclusionary period was arbitrary and capricious under the APA, but acknowledged that the Court did not need to address those claims because it found that Plaintiffs were likely to succeed in showing Defendants' reading of the exclusionary period in the statute and regulation was contrary to law. *Id.*, at 130:20-24.

Defendants respectfully disagree with this Court's conclusions, and have timely appealed this Court's preliminary-injunction order to the Ninth Circuit. The Ninth Circuit's forthcoming opinion is likely to resolve or significantly narrow the dispute between the parties because this Court's order was based primarily on questions of law, not fact. Whether Defendants or Plaintiffs have the better reading of the statutory and regulatory text about when the exclusionary period begins is a question of law, the resolution of which will significantly guide further proceedings in this Court. *See Novedades y Servicios, Inc. v. Fin. Crimes Enf't Net.*, 25-cv-886-JLS, 2025 WL 2146861, at *4 (S.D. Cal. July 28, 2025) ("District courts properly exercise their discretion to stay proceedings pending the appeal of a preliminary injunction when it is 'likely that the Ninth Circuit's opinion will significantly guide this Court's future analysis on these legal questions.'") (quoting *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1063 (E.D. Cal. 2023)); *accord Oregon v. Azar*, No. 6:19-cv-00317-MC, 2019 WL 9045195, at *2 (D. Or. Sept. 17, 2019) (granting motion to stay district court proceedings pending Ninth Circuit's resolution of Defendants' appeal of preliminary injunction). It is not a factual question the resolution of which might vary at different stages of the case. *See Oregon v. Azar*, 2019 WL 9045195, at *2.

Moreover, although Plaintiffs' Amended Complaint challenges additional guidance USDA published implementing other OBBB changes and Plaintiffs did not challenge this additional

Defendants' Motion to Stay Proceedings 8

guidance at the preliminary-injunction stage in this case, an appellate decision need "not settle every question of fact and law" to justify staying proceedings when "in all likelihood it will settle many and simplify them all." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (quoting *Landis*, 299 U.S. at 256).  In any event, Defendant's appeal of this Court's preliminary injunction will substantially, if not fully, resolve the same legal issues presented by Plaintiffs challenges to the additional guidance documents.  Plaintiffs make the same arguments about the guidance they now challenge that they make about the Alien SNAP Eligibility Guidance.  In fact, Plaintiffs' Amended Complaint adds no new claims, and merely adds additional USDA guidance documents that Plaintiffs allege make the same errors as the guidance implementing OBBB's alien-eligibility changes:  namely, that the exclusionary period must start from the date USDA published the guidance implementing the OBBB's changes, not from the OBBB's effective date.  *See* Amend. Compl. ¶¶ 130-144; *see also* ECF No. 68-1, at 26-28 (redline detailing changes from Plaintiffs' original complaint).  This purely legal issue involves a question of interpretation of statutory and regulatory text on which the Ninth Circuit's forthcoming decision regarding this Court's preliminary-injunction order is likely to opine.  It would "waste judicial resources to decide" these issues "when guidance from the Ninth Circuit is likely to be available soon." *Washington v. Trump*, No. C17-0141-JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017).

The Ninth Circuit's decision is also likely to resolve Plaintiffs' claims that the guidance documents are arbitrary and capricious, or at least substantially narrow those claims.  As to all the guidance memoranda Plaintiffs challenge, Plaintiffs allege that the guidance memoranda are arbitrary and capricious because USDA waited months to issue the guidance while claiming the exclusionary period was running during that time.  Amend. Compl. ¶ 140.  Defendants' appeal of this Court's preliminary-injunction order is likely to provide significant guidance on that question,

Defendants' Motion to Stay Proceedings 9

given that whether the exclusionary period begins at OBBB's effective date or the date of the relevant implementation guidance will impact whether waiting to issue the guidance was arbitrary and capricious. Plaintiffs also allege that it was arbitrary and capricious to count payment error rates from before USDA issued guidance implementing the OBBB's changes because "States typically rely on USDA guidance to implement statutory changes," and thus states could appropriately await USDA guidance before errors from statutory changes would be counted against states. *Id.* ¶¶ 4, 141. This Court ruled for Plaintiffs on this claim at the preliminary-injunction stage, concluding that the Alien SNAP Eligibility Guidance was "a departure from past agency practice" and thus this Court found a "reliance issue." Prelim. Inj. Hear. Tr., at 130:23-24. The Ninth Circuit appeal is likely to provide guidance on whether USDA had a prior practice of issuing guidance before counting errors in states' payment error rates and whether that prior practice was sufficiently well-developed to create a reliance interest.

Given the legal questions at the core of Defendants' appeal of this Court's preliminary-injunction order, "it is hard to imagine that the decision on appeal would not guide this court robustly." *See Oregon v. Azar*, 2019 WL 9045195, at *2.

## II. Plaintiffs Would Not Be Harmed by a Stay

In contrast to the wasteful drain on resources that will result if this case proceeds before Defendants' appeal is resolved, Plaintiffs will suffer no harm from a stay of district court proceedings.

Proceedings in the Ninth Circuit are moving expeditiously. *See Oregon v. Azar*, 2019 WL 9045195, at *2 (considering pace of appellate proceedings). The Ninth Circuit has already issued a briefing schedule, with the opening brief of Defendants-Appellants due March 13, 2026, and the response brief of Plaintiffs-Appellees due April 10, 2026. Prelim. Inj. Scheduling Notice, *New York v. Rollins*, No. 26-911 (9th Cir. Feb. 13, 2026). In fact, briefing in the Ninth Circuit will be

Defendants' Motion to Stay Proceedings 10

complete approximately one month prior to the competition of briefing on the parties' summary-judgment motions here. Moreover, the Ninth Circuit's interpretation of the statute and regulation will govern further proceedings in this case. If the Ninth Circuit interprets the regulation and statute the way Plaintiffs do, further proceedings may not be necessary in this action at all. If the Ninth Circuit agrees with Defendants' interpretation, however, further proceedings would be significantly narrowed on the interpretation questions, and summary-judgment proceedings could proceed exclusively on Plaintiffs' arbitrary-and-capricious APA claims. And even those claims are likely to be significantly narrowed by the Ninth Circuit's forthcoming decision.

Meanwhile, Plaintiffs' interests are protected by the current preliminary injunction. Defendants have not sought a stay of that injunction from the Ninth Circuit, and do not intend to do so. Plaintiffs may contend that they will be harmed if they must wait for summary judgment proceedings pertaining to the additional USDA guidance Plaintiffs challenge in their Amended Complaint. Not only is it entirely speculative whether this Court would ultimately issue a decision on summary judgment before the Ninth Circuit issues a decision in Plaintiffs' appeal, but also proceeding now would "risk … inconsistent rulings that the appellate courts might then need to disentangle" later. *Hawaii v. Trump*, 233 F.Supp.3d at 856. This Court and the Ninth Circuit may issue contrary rulings on the legal issues underlying Plaintiffs' challenges to all of the guidance, necessitating another round of appellate proceedings to resolve the very same legal issues.

In any event, there is a significant amount of time before any penalties from payment error rate calculations—in the form of reductions in the Government's share of the cost of providing SNAP benefits—will impact the Plaintiff States here. That provision does not impact the states until Fiscal Year 2028, which begins October 1, 2027—more than 1.5 years from now. *See* 7 U.S.C. § 2013(a)(2)(B)(i). While this Court disagreed with Defendants at the preliminary-

Defendants' Motion to Stay Proceedings 11

injunction stage that such a provision means the Plaintiff States are not being imminently harmed, Prelim. Inj. Hear. Tr., at 132:22-133:8, the question now is a different one: whether to stay district court proceedings while the Ninth Circuit decides Defendants' appeal of this Court's preliminary-injunction order. Should proceedings in district court continue, it would not only waste judicial resources, but it may also delay the ultimate resolution of the correct dates of the exclusionary period well into the future. For example, if the Ninth Circuit resolves the appeal in Defendants' favor and Plaintiffs seek rehearing en banc or Supreme Court review of that decision, it is very likely that this Court will have already resolved the merits of Plaintiffs' claims by deciding the forthcoming summary-judgment motions. Any appeal of the preliminary injunction will be moot at final judgment, and the appellate process will begin anew. Awaiting the Ninth Circuit's guidance now is likely to not only streamline proceedings going forward, but also protect against the very uncertainty that Plaintiff States claimed was harming them at the preliminary-injunction stage. *See Hawaii v. Trump*, 233 F. Supp. 3d at 854-55 (acknowledging that "hardship or inequity may result to *both* parties" absent a stay allowing for consideration of issues to be decided in a forthcoming appeal "because of the potential for inconsistent rulings and resulting confusion to law enforcement agencies and the public").

Defendants' Motion to Stay Proceedings 12

## CONCLUSION

For the reasons explained above, proceedings in this case should be stayed until seven days after the Ninth Circuit issues a decision in Defendants' appeal of this Court's order granting a preliminary injunction.

Dated: February 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

MICHAEL VELCHIK
Senior Counsel to the Assistant Attorney General

/s/ Tyler J. Becker
TYLER J. BECKER (D.C. Bar No. 90007283)
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave.
Washington, DC 20530
Tel: (202) 514-4052
Email: tyler.becker@usdoj.gov

*Attorneys for Defendants*

## **Certificate of Compliance**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,386 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ *Tyler J. Becker*
Tyler J. Becker
Attorney for Defendants

Defendants' Motion to Stay Proceedings 14

**<u>Certificate of Service</u>**

I certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to counsel of record.

<u>/s/ Tyler J. Becker</u>
Tyler J. Becker
Attorney for Defendants