DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
KIRSTEN NAITO #114684
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
DEREK OLSON #225504
Assistant Attorneys General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Leanne.Hartmann@doj.oregon.gov
        Brian.S.Marshall@doj.oregon.gov
        kirsten.m.naito@doj.oregon.gov
        sara.delrubin@doj.oregon.gov
        derek.olson@doj.oregon.gov

Attorneys for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF NEW YORK, et al., | Case No. 6:25-cv-02186-MTK |
| Plaintiffs, | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS |
| v. | |
| BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al., | |
| Defendants. | |

Page 1 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

LH5/om1/1015312119

## I.    INTRODUCTION

Plaintiff States oppose a stay of the district court proceedings pending Defendants' appeal of the preliminary injunction. Plaintiffs will be harmed by a stay of proceedings in this Court and Defendants have not met their burden of showing that they will suffer hardship absent a stay. And, contrary to Defendants' assertions in their motion, the orderly course of justice is in fact benefited by quickly proceeding to summary judgment on the full record in the district court. Defendants' appeal of the preliminary injunction may not resolve the claims asserted in this action and, in any event, does not warrant an indefinite stay. Further, a final decision on the merits in the District Court, on the schedule agreed to by the parties and ordered by this Court, is likely to precede a decision on the preliminary injunction in the Ninth Circuit.

## II.    BACKGROUND

In the District Court, the Parties will proceed swiftly to cross-motions on summary judgment unless a stay is granted. Specifically, the Court has ordered that Defendants produce the administrative record by March 16; that Plaintiffs and Defendants file their motions for summary judgment on April 3 and April 24, respectively; and that all briefing is concluded by the end of May. Order Granting Joint Motion to Extend Summ. J. Deadlines, ECF No. 73.

In the Ninth Circuit, Defendants appealed the Court's December 15, 2025 order granting a preliminary injunction on the very last day of the appeal period, February 13, 2026. *See* Notice of Appeal, ECF No. 70. Defendants' opening brief was ordered to be filed by March 13, with briefing in the Ninth Circuit completed by May 1. *See* Preliminary Injunction Schedule Notice, *State of New York, et al. v. Rollins, et al.*, No. 26-911, ECF No. 2 at 4 (9th Cir., Feb. 13, 2026). Then, on Friday, March 6, 2026, Defendants moved in the Ninth Circuit for a 31-day extension to the current briefing schedule, meaning briefing would not be complete until June 1. *See* Motion to Extend Time to File Brief, No. 26-911, ECF No. 15 (9th Cir., March 6, 2026). Once briefing is complete, the Ninth Circuit then may schedule oral argument before rendering a decision, which can take at

Page 2 -    PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

least another three months, often longer.[1] And of course, "the appellate rules of procedure do not require the Ninth Circuit to issue a ruling on preliminary injunction appeal within a certain timeframe." *Flores v. Bennett*, 675 F. Supp. 3d 1052 (E.D. Cal. 2023) 1062 (citing U.S. Ct. of App. 9th Cir. Rule 3-3, 34-3).

### III.    LEGAL STANDARD

A court should deny a request for stay that will unreasonably delay the proceeding. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). When evaluating a motion to stay, the court considers (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254–255 (1936)). Here, the factors weigh against a stay of proceedings and in favor of seeing the case through to a decision on the merits in short order.

### IV.    ARGUMENT

**A.    Plaintiffs will suffer harm by a stay of proceedings pending appeal.**

Defendants' motion for a stay of proceedings should be denied because such a stay will prejudice Plaintiffs. As Defendants acknowledge in their motion, Plaintiffs have filed an Amended Complaint that targets additional actions by USDA that were not litigated in the motion for preliminary injunction: (1) the August 29, 2025, guidance memorandum pertaining to Section 10103 of the OBBB (the "SUA Guidance"); (2) the October 3, 2025, guidance  pertaining to Section 10102 of the OBBB (the "ABAWD Guidance"); and (3) the November 14, 2025, policy

---

[1] *See* Frequently Asked Questions, Ninth Circuit Court of Appeals, at ¶¶ 18-19, *available at* https://www.ca9.uscourts.gov/general/faq/.

Page 3 -    PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

memorandum related to both Sections 10102 and 10103 (the "Exclusionary Period Memo"). First Am. Compl. (FAC) at 25–27, ECF No. 68. Each of those agency actions contains the same type of exclusionary period guidance that this court already determined is unlawful and caused both irreparable and imminent harm to Plaintiffs. Transcript of Oral Argument at 132:8–133:20, *State of New York, et al, v. Brooke Rollins, et al*, No 6:25-cv-02186-MTK. Because the preliminary injunction does not affect those USDA actions, a stay of proceedings would prevent Plaintiffs from receiving relief as to that guidance and therefore would cause ongoing harm.

In arguing that Plaintiffs will not experience immediate harm from a stay, Defendants assert that the payment error rate penalties do not go into effect until Fiscal Year 2028. Motion for Stay at 11–12, ECF No. 71. But that assertion overlooks the fact that, even though the Plaintiffs will not have to *pay* the penalties for any payment errors until 2028 or later, the *computation* of error rates from the SUA Guidance, ABAWD Guidance, and Exclusionary Period Memo are all occurring now. States need certainty about their payment error rate in order to be able to administer their SNAP programs and plan for the future, as explained in Plaintiffs' Reply in Support of their Motion for Preliminary Injunction. *See* Pls.' Reply at 23–24, ECF No. 60. The penalties do not need to go into effect immediately for the harm to be felt imminently. *See City & Cnty. of San Francisco v. Trump (SF II)*, 783 F. Supp. 3d 1148, 1202 (N.D. Cal. 2025) (fact that no funds had been impacted yet by the government's actions did not mean there was no real and imminent harm from the threat of removing federal funding).

Additionally, the requested stay is for an indeterminate length, which would allow the harm from USDA's erroneous actions to continue indefinitely. Defendants point to the expedited Ninth Circuit briefing schedule to support their motion, however, they have already sought an extension of time on that briefing schedule and, in any event, "the appellate rules of procedure do not require the Ninth Circuit to issue a ruling on preliminary injunction appeal within a certain timeframe." *Flores*, 675 F. Supp. 3d at 1062 (citing U.S. Ct. of App. 9th Cir. Rule 3-3, 34-3). Even if the Ninth Circuit issues its ruling quickly, Defendants could further prolong the appeal—and

Page 4 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

thus the stay—by filing a petition for rehearing *en banc* or a petition for certiorari at the Supreme Court. *See id*. To allow Plaintiff States to endure the continued uncertainty resulting from USDA's unlawful actions for an unknown amount of time would further harm Plaintiffs. *See City & Cnty. of San Francisco v. Trump (SF I)*, 897 F.3d 1225, 1244 (9th Cir. 2018) ("[T]he Counties' (and their residents') need for certainty renders damages inadequate."); *Leyva,* 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). Finally, the effect of applying the improper exclusionary period has an ongoing and cumulative effect on the states' error rates. As described in Plaintiff States' Reply in Support of their Motion for Preliminary Injunction, the "quality control" process through which a state's error rate is counted happens at the close of each month; at any point, a household affected by the OBBB changes may get pulled and analyzed for errors. *See* ECF No. 60 at 16–20. Given the rushed implementation of the challenged directives, errors are to be expected within the first 120 days after USDA issued the guidance challenged here. *Id.* That error could be uncovered at any point moving forward; the sooner the case is decided on the merits, the sooner the Plaintiff States can have certainty about the OBBB changes.

**B.**    **Defendants will not suffer any hardship without a stay.**

Defendants fail to show that they will suffer any hardship or inequity absent a stay. Under the second *Landis* factor, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018). Accordingly, "the moving party must make a 'clear case of hardship or inequity' if the motion to stay is denied if there is even a fair possibility that the stay will work damage to the nonmoving party." *Trees v. SEIU Local 503*, 574 F. Supp. 3d 856, 869 (D. Or. 2021) (quoting *CMAX*, 300 F.2d at 268–69).

Defendants have not even attempted to make the case that proceeding with summary judgment will harm Defendants. *See Univ. of Or. v. Phillips*, 6:21-cv-00619-MK, 2022 WL

Page 5 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

2700290, *2 (D. Or. July 12, 2022) (denying motion for stay in part because "Defendant has not made a clear showing of hardship or inequity in the absence of a stay"). Nor can they. The risk that Plaintiff States will improperly be forced to pay a percentage of the costs of the SNAP program because of payment errors—which could exceed a billion dollars for some Plaintiffs—far outweighs any possible interest the federal government could have in unlawfully penalizing Plaintiff states for such errors. Instead, Defendants merely speculate that failing to stay this proceeding would "waste judicial resources" and "may also delay the ultimate resolution of the correct dates of the exclusionary period." Defs.' Motion to Stay, at 9–10, ECF No. 71. But "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotation marks omitted).

Additionally, Defendants waited until the very last day of the appeal period to file their appeal and have now sought a further extension of the appellate deadlines, further undercutting any potential assertion of harm. For those reasons, the second *Landis* factor weighs heavily against granting Defendants' request for a stay.

C.      **Orderly Course of Justice Suggests Proceeding Now in District Court**

Finally, the orderly course of justice would not be served by granting Defendants' motion for a stay of proceedings.

As a practical matter, a stay of the District Court proceedings is likely to create more work for everyone. No matter how the appeal is resolved, the majority of the issues in this case will need to be reached by the District Court. *Cf. Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) (finding a stay appropriate when "the bulk of the determinative issues may very well be settled in most material aspects"). There is no guarantee that the Ninth Circuit will rule quickly or in a way that narrows or resolves the case before this Court, as Defendants claim. The Ninth Circuit could resolve the appeal in a way that would not affect the District Court's further adjudication of the merits of this case. Regardless of the Ninth Circuit's decision, there will be further work for

Page 6 -    PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

the District Court to do in deciding this matter, and there is no reason to delay that work as the parties work through an appellate ruling on the preliminary injunction. *See Lockyer*, 398 F.3d at 1113 (stay is inappropriate when the appeal is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court").

Defendants argue that the "Ninth Circuit's decision is also likely to resolve Plaintiffs' claims that the guidance documents are arbitrary and capricious[.]" Motion to Stay at 9, ECF 71. But if the Ninth Circuit disagrees with the District Court's holding that Plaintiffs are likely to succeed on the merits with regard to their arbitrary and capricious claim at the preliminary injunction stage, *see* Transcript of Oral Argument at 130:20-132:7, USDA would produce the administrative record once the proceedings returned to the District Court and Plaintiffs would continue to pursue their claims that USDA's actions were arbitrary and capricious based on that administrative record, requiring the District Court to adjudicate them anew. *See Johnson v. Starbucks Corp.*, No. 2:18-CV-1886 WBS EFB, 2019 WL 3202849, at **2–3 (E.D. Cal. July 16, 2019) (denying request to stay and noting that pending appeals would resolve only one issue present in the case); *cf. Safari Club Int'l v. Bonta*, No. 2:22-CV-01395-DAD-JDP, 2023 WL 3505373, at *1 (E.D. Cal. May 17, 2023) (granting stay where the interlocutory appeal of the court's denial of the preliminary injunction "contained all of the substantive legal issues in dispute in this litigation").[2]

In the "the orderly course of justice," the District Court proceedings will result in fully-briefed cross-motions for summary judgment that will allow the Court to be poised to resolve this case in full as soon as June, likely before the appeal of the preliminary injunction has been heard by the Ninth Circuit. Defendants will thereafter be able to assert their claims in full to the Ninth Circuit with the benefit of a fully developed factual record, consolidating all the outstanding issues

---

[2] It is true that if the Ninth Circuit affirms the District Court's findings with regard to the arbitrary and capricious claim, that may streamline resolution of the full case on the merits. However, the immense delay involved and the fact that Plaintiffs still have outstanding claims would require further proceedings regardless, making it more efficient to proceed on the full case now.

Page 7 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

into one appeal, to the benefit of all Parties and the Court. Accordingly, there is no conservation of judicial resources by delaying resolution of Plaintiffs' claims.

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Proceedings should be denied.

DATED March 9, 2026.                                          Respectfully submitted,

**LETITIA JAMES**                                          **DAN RAYFIELD**
Attorney General for the State of New York     Attorney General for the State of Oregon

By: *s/ Molly Thomas-Jensen*                     By: *s/ Leanne Hartmann*
Molly Thomas-Jensen                             Leanne Hartmann #257503
Jessica Ranucci                                       Brian Simmonds Marshall #196129
*Special Counsel*                                       Kirsten Naito # 114684
Rabia Muqaddam                                     *Senior Assistant Attorneys General*
*Chief Counsel for Federal Initiatives*          Sara Del Rubin #232414
Gina Bull                                                  Derek Olson #225504
*Assistant Attorney General*                       *Assistant Attorneys General*
28 Liberty St.                                           Oregon Department of Justice
New York, NY 10005                              100 SW Market Street
(212) 416-8679                                        Portland, OR 97201
molly.thomas-jensen@ag.ny.gov              Telephone: (971) 673-1880
jessica.ranucci@ag.ny.gov                        Fax: (971) 673-5000
rabia.muqaddam@ag.ny.gov                     Leanne.Hartmann@doj.oregon.gov
gina.bull@ag.ny.gov                                 Brian.S.Marshall@doj.oregon.gov
                                                             Kirsten.M.Naito@doj.oregon.gov
                                                             Sara.DelRubin@doj.oregon.gov
                                                             Derek.Olson@doj.oregon.gov

*Counsel for the State of New York*              *Counsel for the State of Oregon*

Page 8 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**ROB BONTA**
Attorney General for the State of California

By: *s/ Robin L. Goldfaden*
Robin L. Goldfaden
*Supervising Deputy Attorney General*
Michael L. Newman
Neli N. Palma
*Senior Assistant Attorneys General*
Marissa Malouff
Kathleen Boergers
*Supervising Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3543
Robin.Goldfaden@doj.ca.gov

*Counsel for the State of California*

**PHILIP J. WEISER**
Attorney General of Colorado

By: *s/ Tanja E. Wheeler*
Tanja E. Wheeler
*Associate Chief Deputy Attorney General*
David Moskowitz
*Deputy Solicitor General*
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
Tanja.wheeler@coag.gov
David.moskowitz@coag.gov

*Counsel for Plaintiff State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: *s/ Patricia E. McCooey*
Patricia E. McCooey
*Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Patricia.McCooey@ct.gov

*Counsel for Plaintiff State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: *s/ Vanessa L. Kassab*
Ian R. Liston
*Director of Impact Litigation*
Vanessa L. Kassab
*Deputy Attorney General*
Rose E. Gibson
*Assistant Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for Plaintiff State of Delaware*

Page 9 -   PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: *s/ Mitchell P. Reich*
Mitchell P. Reich
*Senior Counsel to the Attorney General*
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 279-1261
mitchell.reich@dc.gov

*Counsel for the District of Columbia*


**KWAME RAOUL**
Attorney General of Illinois

By: *s/ Katharine Roller*
Katharine Roller
*Complex Litigation Counsel*
Alice L. Riechers
*Assistant Attorney General*
115 S. LaSalle St.,
Chicago, Illinois 60603
(773) 519-1842
Katharine.Roller@ilag.gov


*Counsel for Plaintiff State of Illinois*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: *s/ Kalikoʻonālani D. Fernandes*
David D. Day
*Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*


**AARON M. FREY**
Attorney General for the State of Maine

By: *s/ Brendan Kreckel*
Brendan Kreckel
By: */s/ Kristin Trabucchi*
Kristin Trabucchi
*Assistant Attorneys General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: 207-626-8800
Fax: 207-287-3145
Brendan.kreckel@maine.gov
kristin.k.trabucchi@maine.gov


*Counsel for the State of Maine*

Page 10 -  PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**ANTHONY G. BROWN**
Attorney General of Maryland

By: *s/ Yasmin Dagne*
Yasmin Dagne
*Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-223-1580
ydagne@oag.state.md.us

*Counsel for Plaintiff State of Maryland*


**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: *s/ Michelle Pascucci*
Katherine Dirks
*Chief State Trial Counsel*
Michelle Pascucci
*State Trial Counsel*
Jak Kundl
*Assistant Attorney General*
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2255
Michelle.Pascucci@mass.gov

*Counsel for the Commonwealth of Massachusetts*


**DANA NESSEL**
Attorney General of Michigan

By: *s/ Daniel Ping*
Daniel Ping
Neil Giovanatti
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
PingD@michigan.gov
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*


**KEITH ELLISON**
Attorney General for the State of Minnesota

By: *s/ Joseph R. Richie*
Joseph R. Richie
*Special Counsel*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us

*Counsel for the State of Minnesota*

Page 11 -  PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**AARON D. FORD**
Attorney General of Nevada

By: s/ K. Brunetti Ireland
K. Brunetti Ireland
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov


*Counsel for the State of Nevada*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: s/ Kashif T. Chand
Kashif T. Chand
*Assistant Attorney General*
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

**RAÙL TORREZ**
Attorney General of the State of New Mexico

By: s/ Lauren Perry
Lauren Perry
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
505-270-4332
lperry@nmdoj.gov


*Counsel for the State of New Mexico*

**JEFF JACKSON**
Attorney General of North Carolina

By: s/ Daniel P. Mosteller
Daniel P. Mosteller
*Associate Deputy Attorney General*
Laura Howard
*Chief Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Counsel for the State of North Carolina*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: s/ Marissa D. Pizaña
Marissa D. Pizaña
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
MPizana@riag.ri.gov

*Counsel for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By: s/ Ryan P. Kane
Ryan P. Kane
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

*Counsel for Plaintiff State of Vermont*

Page 12 -  PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**JAY JONES**
Attorney General of the Commonwealth of Virginia

By: *s/ Tillman J. Breckenridge*
Tillman J. Breckenridge
*Solicitor General*
Mikaela A. Phillips
*Assistant Solicitor General*
Office of the Attorney General
202 N. 9th Street
Richmond, Virginia 23219
Tel: (804) 786-7704
solicitorgeneral@oag.state.va.us
mphillips@oag.state.va.us

*Counsel for Plaintiff The Commonwealth of Virginia*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: *s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov

*Counsel for Plaintiff State of Wisconsin*

**NICHOLAS W. BROWN**
Attorney General of Washington

By: *s/ William McGinty*
William McGinty
Niya Tawachi
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
william.mcginty@atg.wa.gov
niya.tawachi@atg.wa.gov

*Counsel for Plaintiff State of Washington*

Page 13 -  PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
LH5/om1/1015312119

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000