DAN RAYFIELD
Attorney General
LEANNE HARTMANN #257503
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorneys General
SARA DEL RUBIN #232414
Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Leanne.Hartmann@doj.oregon.gov
       Brian.S.Marshall@doj.oregon.gov
       sara.delrubin@doj.oregon.gov

Attorneys for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| STATE OF NEW YORK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BROOKE ROLLINS, in her official capacity as Secretary of the U.S. Department of Agriculture, et al.,<br><br>Defendants. | Case No. 6:25-cv-02186-MTK<br><br>PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION<br><br>Expedited Consideration Requested |

Page 1 -    PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION
LH5/om1/1019490743

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

## LR 7-1 CERTIFICATION

Plaintiffs' counsel certify that Plaintiffs raised the issues set forth in the instant motion with Defendants' counsel by email on April 22, 2026. On May 6, Defendants' counsel responded that they agreed with Plaintiffs' view of the preliminary injunction order and that Defendants would issue guidance to States stating the same. As a result, Plaintiffs believed no motion practice was necessary as the parties were in agreement. However, Defendants' counsel responded on June 12, 2026, with a different view of the preliminary injunction order that contradicts their previous representation. As a result, it became clear to Plaintiffs that the parties did, in fact, have a dispute over the scope of the injunction. Plaintiffs responded on Monday, June 15, requesting that counsel meet and confer. On June 17, 2026, the parties discussed the arguments set forth in the instant motion via videoconference but were unable to resolve the issue. Defendants' counsel agreed on that call that clarification of the injunction is necessary. Plaintiffs indicated they would request expedited consideration of this motion.

## MOTION TO CLARIFY

Plaintiff States move this court for an order clarifying the scope of relief afforded by this Court's preliminary injunction and directing Defendants to withdraw guidance issued on April 14, 2026, and issue corrected guidance within 10 days. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003) (describing that the "proper approach" for a dispute over an injunction's meaning is to seek "clarification of the injunction from the district court"); *Safari Club International v. Bonta*, 756 F.Supp.3d 837, 840 (E.D. Cal. 2024) ("A district court has discretion to clarify or modify the scope of an injunction."). Plaintiff States request that this motion be briefed and any hearing be scheduled on an expedited timeline given the fact that the quality control issues related to the injunction are ongoing.

Specifically, Plaintiffs request the following schedule:

Defendants' response due **June 25, 2026**;

Plaintiffs' reply due **June 30, 2026.**

Page 2 -   PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

Given the expedited schedule, Plaintiffs request that if the Court wishes to hear argument on this motion, any hearing take place remotely via telephone or videoconference on **July 1 or July 2, 2026**, if possible.

This lawsuit arose because of the substantively flawed and procedurally incorrect non-citizen guidance memorandum issued on October 31, 2025, by the United States Department of Agriculture (USDA) to Supplemental Nutrition Assistance Program (SNAP) State agencies. After Plaintiff States filed the instant lawsuit, and to correct its previous errors, USDA issued two Q&As on December 9 and December 10, 2025. In response, Plaintiff States modified the scope of the requested preliminary injunction. Plaintiff States' reply brief in support of its motion for preliminary injunction contained the following request for relief:

> Plaintiffs' motion sought three forms of preliminary injunctive relief. But, as noted above, because USDA has now conceded all eligibility issues, Plaintiffs no longer seek an injunction that would prohibit Defendants from wholesale enforcing the Guidance as to Plaintiff States. Plaintiffs now seek the following: (1) a stay in Plaintiff States of the end of the exclusionary period of the Guidance to April 9, 2026; and (2) a corresponding injunction prohibiting Defendants from counting errors stemming from misapplication of changes in Section 10108 of the OBBB to new and ongoing SNAP households prior to April 9, 2026.

Plaintiffs' Reply in Support of Motion for Preliminary Injunction, ECF No. 60 at 20-21.

The parties agree that the preliminary injunction granted relief under the first request and that the end of the exclusionary period is April 9. However, the parties disagree whether this Court granted Plaintiff States' second request, that all errors related to changes in non-citizen eligibility before April 9 be excluded from the calculation of Plaintiff States' error rates. Plaintiff States were alerted to this discrepancy by their SNAP agencies when the agencies' Quality Control teams received a Policy Memo from USDA on April 14, 2026. *See* Declaration of Leanne Hartmann filed herewith, Ex. 1.

Specifically, five days after the end of the exclusionary period provided by this Court's December 15 order,[1] USDA promulgated new guidance to the Plaintiff States instructing them

---

[1] Notably, Defendants elected to wait until after the exclusionary period ended to issue this guidance, preventing any resolution of this dispute prior to the end of the exclusionary period.

Page 3 -   PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

on how to interpret the preliminary relief granted by the Court. *Id.* This guidance, in the form of a Policy Memo, purports to apply a SNAP regulation to the Plaintiff States that is in tension with the relief sought in the injunction. The Policy Memo informed State agencies that although the Court ordered a new variance exclusion period from December 10, 2025, to April 9, 2026, State agencies could not take advantage of the full exclusionary period unless they issued a statewide notification to their eligibility workers formally implementing Section 10108 of the OBBB by December 10, 2025. Specifically, USDA states in the Policy Memo that "State agencies that implement[ed] later than December 10, 2025, but before April 9, 2026, will only be permitted a variance exclusion for the time remaining through April 9, 2026," citing SNAP regulation 7 CFR 275.12(d)(2)(vii)). *Id*. at 2. In other words, a State that implemented on February 1 would only get an exclusion from February 1 to April 9, and States that implemented later than April 9 would get no exclusionary period. *Id.* Plaintiff States, on the other hand, understood the injunctive relief ordered to prohibit USDA from counting any errors related to Section 10108 until after April 9, 2026, regardless of implementation date.

This Court's oral ruling concluded that "an extension of the exclusionary period is appropriate to April 9th to allow for full amelioration of the transition" that the passage of OBBB had required of Plaintiff States, and the resulting impact on error rates. Hr'g. Tr. 128:12-19, ECF No. 65. This Court further explained that ordering a remedy of extending the exclusionary period to April 9, 2026, would provide Plaintiff States with the opportunity to benefit from the exclusionary period, "for four months going forward[.]" Hr'g. Tr. 134:4-19.

Based on the foregoing, Plaintiff States understood that the Court granted their request for an injunction prohibiting Defendants from counting errors stemming from misapplication of changes in Section 10108 of the OBBB to new and ongoing SNAP households through April 9, 2026; meaning that any errors related to changes in Section 10108 of the OBBB prior to that date

---

This is consistent with Defendants' actions that gave rise to this lawsuit initially. *See* Hr'g Tr. 128:6-11 (citing "evidence of the lack of uniform and consistent communication that would be expected and necessary for an agency to provide" guidance to state SNAP agencies).

LH5/om1/1019490743

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

would not be counted against a Plaintiff State regardless of the State's actual implementation date. USDA's April 14 Policy Memo takes an opposite view: that the variance exclusion "will not apply if the State agency does not implement the new provisions . . . before April 9, 2026." Hartmann Decl., Ex. 1 at 2. USDA's position stems from SNAP regulations which define a State's implementation as taking place "on the effective date of State agency's written statewide notification to its eligibility workers," 7 C.F.R. § 275.12(d)(2)(vii)(E), and states, "A State agency shall not exclude variances which occur prior to the States implementation." *Id.* § 275.12(d)(2)(vii)(B).

While USDA's interpretation may be how the regulations would apply in a typical situation where there is a change to the SNAP program and States were given advance notice of an upcoming required implementation date, Plaintiff States understand it to be at odds with the relief granted here. The distinction is important because some States were delayed in issuing their statewide notifications following the confusion generated by USDA's previous incorrect guidance, and given the significant preparation required to implement its changes, relied upon their understanding of the Court's order to provide a blanket exclusionary period through April 9. As a result of USDA's position—communicated only after the exclusionary period had already elapsed—some Plaintiff States may not be able to take advantage of the relief provided by the Court.

Plaintiff States reached out to counsel for Defendants shortly after the April 14 Policy Memo was distributed to SNAP agencies. *See* Hartmann Decl. at ¶ 3, Ex. 2 at 4. On May 6, 2026, in response to a request to meet and confer on the instant motion, USDOJ stated: "Our understanding of the injunction is that FNS could not even begin counting errors resulting from changes made by Section 10108 of the OBBB until after April 9, 2026." *Id.*, Ex. 2 at 2. And later in the same email thread, USDOJ reiterated that FNS would issue a memo confirming that "FNS could not even begin counting errors resulting from changes made by Section 10108 of the OBBB until after April 9, 2026 *regardless of when states implemented* given the district court's PI." *Id.*, Ex. 2 at 1 (emphasis added). Plaintiff States continued to press USDOJ for the guidance

Page 5 -    PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

and, when the guidance came through from FNS to Plaintiff States' SNAP agencies on May 12 that differed from USDOJ's response, Plaintiff States followed up with USDOJ to ask about the discrepancy. *Id.* at ¶ 5, Ex. 4 at 6-7. Finally, on June 12, 2026, USDOJ responded with what it indicated is Defendants' new position:

> Consistent with the Oregon district court's preliminary-injunction decision, the Food and Nutrition Administration (FNA) will update its guidance to clarify that for Plaintiff States that were party to the litigation on December 15, 2025: (a) during the period July 4, 2025 through December 9, 2025, errors made by States either in implementing or failing to implement OBBB's alien eligibility will not count for QC purposes; and (b) FNA will treat the period beginning December 10, 2025 through April 9, 2026 as the variance exclusion period for OBBB's alien eligibility changes. The district court's preliminary injunction order did not purport to impact program regulations allowing States to exclude variances within the December 10 – April 9 period only from the effective date of a State agency's written statewide notification to its eligibility workers implementing the changes.

*See* Hartmann Decl. Ex. 4.

As set forth herein, this represents a change in how Defendants are interpreting the Court's preliminary injunction order. Plaintiff States had relied on USDOJ's representations to the contrary in the meantime.

Accordingly, Plaintiff States move this court for an order clarifying that the preliminary injunction granted in this case prohibits USDA from counting errors stemming from misapplication of changes in Section 10108 of the OBBB to new and ongoing SNAP households prior to April 9, 2026, regardless of the Plaintiff State's implementation date of the corrected guidance. Plaintiff States further request that the Court direct Defendants to withdraw the April 14, 2026 Policy Memo and issue corrected guidance within 10 days.

Page 6 -    PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION
LH5/om1/1019490743

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

DATED June 18, 2026.    Respectfully submitted,

**LETITIA JAMES**
Attorney General for the State of New York

By: *s/ Molly Thomas-Jensen*
Molly Thomas-Jensen
Jessica Ranucci
*Special Counsel*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
Gina Bull
*Assistant Attorney General*
28 Liberty St.
New York, NY 10005
(212) 416-8679
molly.thomas-jensen@ag.ny.gov
jessica.ranucci@ag.ny.gov
rabia.muqaddam@ag.ny.gov
gina.bull@ag.ny.gov

*Counsel for the State of New York*

**ROB BONTA**
Attorney General for the State of California

By: *s/ Robin L. Goldfaden*
Robin L. Goldfaden
*Supervising Deputy Attorney General*
Michael L. Newman
Neli N. Palma
*Senior Assistant Attorneys General*
Marissa Malouff
Kathleen Boergers
*Supervising Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3543
Robin.Goldfaden@doj.ca.gov
*Counsel for the State of California*

**DAN RAYFIELD**
Attorney General for the State of Oregon

By: *s/ Leanne Hartmann*
Leanne Hartmann #257503
Brian Simmonds Marshall #196129
*Senior Assistant Attorneys General*
Sara Del Rubin #232414
*Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Leanne.Hartmann@doj.oregon.gov
Brian.S.Marshall@doj.oregon.gov
Sara.DelRubin@doj.oregon.gov

*Counsel for the State of Oregon*

**PHILIP J. WEISER**
Attorney General of Colorado

By: *s/ Tanja E. Wheeler*
Tanja E. Wheeler
*Associate Chief Deputy Attorney General*
David Moskowitz
*Deputy Solicitor General*
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6000
Tanja.wheeler@coag.gov
David.moskowitz@coag.gov

*Counsel for the State of Colorado*

Page 7 -   PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION
LH5/om1/1019490743

**WILLIAM TONG**
Attorney General of Connecticut

By: *s/ Patricia E. McCooey*
Patricia E. McCooey
*Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5210
Patricia.McCooey@ct.gov

*Counsel for the State of Connecticut*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware

By: *s/ Vanessa L. Kassab*
Ian R. Liston
*Director of Impact Litigation*
Vanessa L. Kassab
*Deputy Attorney General*
Rose E. Gibson
*Assistant Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: *s/ Mitchell P. Reich*
Mitchell P. Reich
*Senior Counsel to the Attorney General*
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 279-1261
mitchell.reich@dc.gov

*Counsel for the District of Columbia*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: *s/ Kalikoʻonālani D. Fernandes*
David D. Day
*Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

Page 8 -    PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION
LH5/om1/1019490743

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**KWAME RAOUL**
Attorney General of Illinois

By: *s/ Katharine Roller*
Katharine Roller
*Complex Litigation Counsel*
Alice L. Riechers
*Assistant Attorney General*
115 S. LaSalle St.,
Chicago, Illinois 60603
(773) 519-1842
Katharine.Roller@ilag.gov


*Counsel for the State of Illinois*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: *s/ Yasmin Dagne*
Yasmin Dagne
*Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-223-1580
ydagne@oag.state.md.us


*Counsel for the State of Maryland*

**AARON M. FREY**
Attorney General for the State of Maine

By: *s/ Brendan Kreckel*
Brendan Kreckel
By: */s/ Kristin Trabucchi*
Kristin Trabucchi
*Assistant Attorneys General*
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel.: 207-626-8800
Fax: 207-287-3145
Brendan.kreckel@maine.gov
kristin.k.trabucchi@maine.gov

*Counsel for the State of Maine*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: *s/ Michelle Pascucci*
Katherine Dirks
*Chief State Trial Counsel*
Michelle Pascucci
*State Trial Counsel*
Jak Kundl
*Assistant Attorney General*
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
(617) 963-2255
Michelle.Pascucci@mass.gov

*Counsel for the Commonwealth of Massachusetts*

Page 9 -    PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION

**DANA NESSEL**
Attorney General of Michigan

By: *s/ Daniel Ping*
Daniel Ping
Neil Giovanatti
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
PingD@michigan.gov
GiovanattiN@michigan.gov

*Counsel for the State of Michigan*

**AARON D. FORD**
Attorney General of Nevada

By: *s/ K. Brunetti Ireland*
K. Brunetti Ireland
*Chief of Special Litigation*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
kireland@ag.nv.gov

*Counsel for the State of Nevada*

**RAÙL TORREZ**
Attorney General of the State of New Mexico

By: *s/ Lauren Perry*
Lauren Perry
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, New Mexico 87501
505-270-4332
lperry@nmdoj.gov

*Counsel for the State of New Mexico*

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: *s/ Joseph R. Richie*
Joseph R. Richie
*Special Counsel*
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 300-0921
joseph.richie@ag.state.mn.us

*Counsel for the State of Minnesota*

**JENNIFER DAVENPORT**
Attorney General of New Jersey

By: *s/ Kashif T. Chand*
Kashif T. Chand
*Assistant Attorney General*
New Jersey Office of the Attorney General,
Division of Law
124 Halsey Street, 5th Floor
Newark, NJ 07101
Tel: (973) 648-2052
Kashif.Chand@law.njoag.gov

*Counsel for the State of New Jersey*

**JEFF JACKSON**
Attorney General of North Carolina

By: *s/ Daniel P. Mosteller*
Daniel P. Mosteller
*Associate Deputy Attorney General*
Laura Howard
*Chief Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
919-716-6026
dmosteller@ncdoj.gov

*Counsel for the State of North Carolina*

Department of Justice
100 SW Market Street
Portland, OR 97201
9716731880 / Fax: 9716735000

**PETER F. NERONHA**
Attorney General of Rhode Island

By: *s/ Marissa D. Pizaña*
Marissa D. Pizaña
*Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
MPizana@riag.ri.gov

*Counsel for the State of Rhode Island*

**JAY JONES**
Attorney General of the Commonwealth of
Virginia

By: *s/ Tillman J. Breckenridge*
Tillman J. Breckenridge
*Solicitor General*
Mikaela A. Phillips
*Assistant Solicitor General*
Office of the Attorney General
202 N. 9th Street
Richmond, Virginia 23219
Tel: (804) 786-7704
solicitorgeneral@oag.state.va.us
mphillips@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: *s/ Karla Z. Keckhaver*
Karla Z. Keckhaver
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
608-264-6365
karla.keckhaver@wisdoj.gov

*Counsel for the State of Wisconsin*

**CHARITY R. CLARK**
Attorney General of Vermont

By: *s/ Ryan P. Kane*
Ryan P. Kane
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
Ryan.kane@vermont.gov

*Counsel for the State of Vermont*

**NICHOLAS W. BROWN**
Attorney General of Washington

By: *s/ William McGinty*
William McGinty
Niya Tawachi
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
william.mcginty@atg.wa.gov
niya.tawachi@atg.wa.gov

*Counsel for the State of Washington*

Page 11 -  PLAINTIFFS' MOTION TO CLARIFY PRELIMINARY INJUNCTION
LH5/om1/1019490743